THOMAS VAUGH *vs.* JOHN W. WETHERELL.

Worcester.   October 2. — 22, 1874.   COLT & MORTON, JJ., absent.

A mortgagor may maintain a complaint under the mill act for damages suffered while he was in possession of the land, although his right of possession has been terminated by foreclosure of the mortgage before suit brought.

In a complaint under the mill act by a mortgagor, it is no defence that the respond· ent has acquired the right of the mortgagee by an assignment of the mortgage.

COMPLAINT for flowing lands under the mill act, Gen. Sts. *c.* 149.   At the trial in the Superior Court before *Bacon*, J., the complainant introduced evidence that on November 18, 1867, he obtained title to the premises described in the complaint by a warranty deed from the Washburn and Moen Manufacturing Company, and that the land described in the complaint was flowed by the dam of the respondent, for the entire period of three years prior to the filing of the complaint, that is, from May 26, 1870, to May 26, 1873.

The respondent put in evidence that on said November 18, the complainant gave back a mortgage of said premises to his grantor, which mortgage was assigned to the respondent May 24, 1869; that said mortgage was given to secure the payment of $200, in four years, from November 18, 1867, with interest at seven per cent. ; that no interest was paid on the note after November 19, 1869, and no part of the principal was ever paid.   It also appeared that at the date of the filing of the complaint, the respondent had not entered to foreclose for condition broken, nor was in possession of the premises under his mortgage for the intent or purpose of a foreclosure, nor had ever attempted a foreclosure for condition broken, by entry or otherwise.

Against the complainant's objection, the respondent was permitted to introduce evidence of a second mortgage upon said premises, made by the complainant to one Hobbs, dated December 24, 1868, of an assignment thereof to one Dickinson, of a judgment recovered upon said mortgage by Dickinson, of a writ of possession issued upon said judgment to Dickinson, and of a delivery of possession of said premises to Dickinson, March 21, 1873, by the sheriff who served said writ.   It appeared that the complainant had a right to redeem the premises from the fore-

closure of the second mortgage. The first mortgage, of which the respondent is assignee, provided that the mortgagor might remain in possession till condition broken.

There was no evidence that the respondent had ever paid any damages for flowing the complainant's land either to the complainant, or to said Dickinson, or to any other persons, and no evidence was put in of any claim therefor ever having been made by said second mortgagee.

Upon the above evidence the respondent asked the court to direct a verdict for him on the ground that the complainant had not made out sufficient title for a warrant for a jury upon any of the matters prayed for in the complaint, or any right to damages against the respondent, which request was granted, and a verdict was rendered for the respondent. The complainant alleged exceptions.

*C. A. Merrill & H. O. Smith,* for the complainant.

*H. B. Staples,* for the respondent.

WELLS, J. That a mortgagor is entitled, exclusively, to the damages to the land caused by flowing while he is in possession, was decided in *Paine* v. *Woods,* 108 Mass. 160. It follows inferentially, if not necessarily, from that decision that his right ceases when possession is taken from him by the mortgagee. From that time the mortgagee becomes entitled to recover and receive the damages. But the mortgagor is not thereby deprived of his right to past damages suffered while he was in possession; and may maintain proceedings under the mill act for their recovery, notwithstanding the fact that his right of possession has since, and before suit, been terminated. *Walker* v. *Oxford Woollen Manufacturing Company,* 10 Met. 203.

It is equally clear that a mortgage title in the respondent furnishes no defence, so long as, by the terms of the mortgage, he is restricted from the right of possession. The complainant in this case is therefore entitled to maintain his suit, and to have a jury to assess his past damages, at least so far as they occurred before breach of the condition of the first mortgage; to wit, November 18, 1871.

The question of the complainant's right to recover for the time after breach, and before he was dispossessed under the second mortgage, has also been discussed; and as its decision now will

facilitate the final disposition of the case in its next stage, **we** proceed to announce our conclusion thereon.

It is true that the mortgagee has the legal title and right o₁ present possession, if he sees fit to exercise that right.   But flowing the land by means of a mill dam is not an exercise of any right of possession or of ownership.   The injury is an incidental result of the exercise of riparian rights annexed to other lands upon which the mill and dam are situated.   The damages recoverable therefor belong to the mortgagor while he is suffered to remain in possession, by virtue of that possession, like other annual products.   *Paine* v. *Woods, supra.*   The mortgagee cannot be held to account for and apply them towards payment of his mortgage debt, because he is held to render an account of rents and profits only when he has had possession under his mortgage. Gen. Sts. *c.* 140, § 15.   And even if they were applicable towards payment of the mortgage debt, there is no mode in which the amount can be legally ascertained except by this proceeding.   The mortgagor is therefore utterly without remedy unless he can have it in this mode.

We are of opinion that he may have his damages assessed for the whole time during which he held possession, within the limit of the three years, and may recover the same against this respondent, notwithstanding the fact that the latter was the holder of a mortgage upon the premises flowed.

*Exceptions sustained.*