PARKER L. CONVERSE, administrator, *vs.* EDWARD F. JOHNSON, administrator.

Middlesex.    November 9, 1887. — January 7, 1888.

Present : MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Demand Note — Statute of Limitations — Administrator.*

A promissory note for a certain sum, with interest payable annually, but which states no time of payment, is payable on demand.

A person who has a domicil and actual residence in another State, and who only comes into this Commonwealth for a short visit, is " absent from and resides out of the State," within the Gen. Sts. c. 155, § 9, (Pub. Sts. c. 197, § 11,) and the statute of limitations does not run in his favor.

If the payee of a promissory note dies before his right of action upon it is barred by the statute of limitations, and the administrator of his estate brings an action upon the note against the administrator of the estate of the maker, within two years after the grant of the defendant's letters of administration, the action may be maintained, under the Pub. Sts. c. 197, § 12, although not brought until more than two years after the grant to the plaintiff of his letters of administration.

CONTRACT, by the administrator of the estate of Marshall F. Barrett against the administrator with the will annexed of the estate of Mary F. Hart, upon the following promissory note :

" $600.                    Concord, N. H., December 10, 1867.

" Value received, I promise to pay to Marshall F. Barrett, or his order, the sum of six hundred dollars, with interest at the rate of five per cent, payable annually.   Mary F. Hart."

Writ dated June 19, 1886.   The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on agreed facts, in substance as follows :

On the day the note was given, Mary F. Hart was in Concord, in the State of New Hampshire, where she resided, and she continued to reside in said Concord up to the time of her decease. She owned real estate in Woburn, in this county, when the note was given, and subsequently.   After the note was given, she visited in said Woburn for a few days, and her presence there

was known by Barrett, the plaintiff's intestate. She died testate on June 3, 1870, and by her will gave to her two daughters, Mary D. Hart and Sarah L. Barker, a life estate in the real estate situate in Woburn, and nominated them executrixes of her will. This will was duly proved and allowed in Merrimack county, New Hampshire, in September, 1870, but no letters testamentary or of administration were ever issued in that State. In December, 1870, a copy of the will was filed and recorded in this county as a foreign will, on petition of said executrixes, who also petitioned that letters testamentary be granted to them; but, by reason of their failure to file a bond, no letters testamentary were ever issued to them, or either of them, and the estate remained unadministered until April 14, 1885, when, Mary D. Hart having died, and Sarah L. Barker having declined to accept the trust, the defendant was duly appointed administrator with the will annexed of the estate of Mary F. Hart by the Probate Court for this county, and gave due notice of his appointment as required by law.

Marshall F. Barrett, who during his whole life was a resident of Woburn, died on April 5, 1883, and the plaintiff, Parker L. Converse, was appointed administrator of his estate by the Probate Court for this county on June 26, 1883; he accepted the trust, and is now administering the same.

The affidavit of notice of his appointment was filed on June 29, 1883, and the note in suit is described in his inventory of the estate filed in the Probate Court on August 22, 1883. On August 3, 1885, he for the first time demanded of the defendant payment of said note, which was refused.

Interest on the note in suit was paid annually by the maker during her life, and, after her death, by her daughters above named, the last payment being made on December 10, 1882. These payments were indorsed on the note by a friend of the payee, acting as his agent and at his request.

If, upon these facts, the plaintiff was entitled to recover, judgment was to be entered for him for the sum of $600, with interest at the rate of five per cent per annum from December 10, 1882; otherwise, judgment to be entered for the defendant.

*J. W. Johnson*, for the plaintiff.

*E. F. Johnson, pro se.*

FIELD, J. The promissory note was dated December 10, 1867, and was in legal effect payable on demand. The construction we give to the Gen. Sts. c. 155, § 9, (Pub. Sts. c. 197, § 11,) is, that as Mary F. Hart had her domicil and actual residence in New Hampshire when she gave the note, and continued to have them there until her death, and only made short, occasional visits in this Commonwealth, our statute of limitations never began to run in her favor. Within the meaning of the statute, she never came into this Commonwealth, but was absent from and resided out of it during the whole time which elapsed between the date of the note and her death. *Rockwood* v. *Whiting*, 118 Mass. 337.

She died testate in New Hampshire, on June 3, 1870, and her will was duly proved there in September, 1870, but no letters testamentary or of administration were ever issued in that State. In December, 1870, a copy of the will was duly filed, allowed, and recorded in Middlesex County, in this Commonwealth, where she left property. This was done on the petition of the persons named as executrixes in the will, but as they failed to file a bond, no letters testamentary were granted to them ; " and the estate remained unadministered until April 14, 1885," when the defendant was duly appointed administrator with the will annexed by the Probate Court of that county, and gave due notice of his appointment.

Marshall F. Barrett, the payee and holder of the note, died in this Commonwealth, on April 5, 1883, and the plaintiff was duly appointed administrator of his estate by said Probate Court, on June 26, 1883, and gave due notice of his appointment. He brought this suit on June 19, 1886.

The defendant as administrator could not have been sued within one year after he gave a bond as administrator, which we assume was on April 14, 1885, the date of his appointment. And a suit must be commenced against him within two years after he gave the bond. Pub. Sts. c. 136, §§ 1, 9. After Mary F. Hart died, there was no one anywhere who could be sued until the defendant was appointed administrator.

It has been decided that § 12 of the Pub. Sts. c. 197, (Gen. Sts. c. 155, § 10,) is to be construed distributively. *Hill* v. *Mixter*, 5 Allen, 27. The precise point decided in that case is, that an

action brought by the executor of the estate of the holder of a note against the executor of the estate of the maker, more than two years after the defendant's appointment, although within two years after the plaintiff was appointed executor, cannot be maintained; and it is said that § 10 of the Gen. Sts. c. 155, does not extend the time for bringing the action beyond that limited by the Gen. Sts. c. 97, §§ 5–8.

If Barrett had lived, the statute of limitations would not have been a defence, if he had brought this suit at the time it was brought. The contention is, that it cannot be maintained by the administrator of his estate, because brought more than two years after the grant of letters of administration to him.

Section 12 of the Pub. Sts. c. 197, was intended to be a re-enactment of the Gen. Sts. c. 155, § 10, and it was enacted in the Public Statutes in the form reported by the Commissioners. The Commissioners made some unimportant verbal changes, and omitted the words, " and not afterwards if otherwise barred by the provisions of this chapter," found at the end of the section in the General Statutes. It cannot be held that this omission was intended to change the law. The Pub. Sts. c. 197, § 12, cannot well be construed to mean that in every case the executor or administrator of a deceased person, who was entitled to bring an action, must bring the action within two years after the grant of letters testamentary, or of administration. The section was not intended further to limit the bringing of actions, but to extend the time within which they could be brought when the person entitled to bring them died before the expiration of the time, or within thirty days after the expiration of the time limited by other provisions of the statutes. It was not intended by this section that the debtor should have a defence to which he was not otherwise entitled, or that an executor or administrator should not collect debts due the estate by suits brought more than two years after his appointment, when the debts were not barred by other provisions of the statutes. See *Corliss Steam Engine Co.* v. *Schumacher*, 109 Mass. 416.

*Judgment affirmed.*