MORSE, *Adm'x, v.* WHITCHER.

A party may amend the form of his action at any stage of the proceedings to prevent injustice, and whether justice requires an amendment is ordinarily a question of fact to be determined at the trial term.

Gen. Laws, *c.* 198, *s.* 7, does not limit, but was intended to enlarge, the time of bringing an action by an administrator upon a claim not barred by the general statute of limitations.

Case lies by a mortgagor for injuries done to the mortgaged premises by a mortgagee not in possession.

FACTS found by a referee. The action was to recover for dam-

age to land of the plaintiff's intestate, caused by the lodging and deposit thereon of sawdust from the defendant's mill, situated above on a small stream, whence it was floated down upon the land. The original declaration was in assumpsit. The referee allowed certain amendments, whereby the form of the action was changed to case; and the defendant excepted. At the time of the injury complained of the defendant held a mortgage, and he claimed that the action could not be maintained against him for that reason. The action was not commenced until more than two years after the grant of administration; and the defendant moved for a nonsuit on the ground that it was barred by the limitation of the statute (G. L., *c.* 198, *s.* 7). The motion was denied, and the defendant excepted.

*Page & Shurtleff*, for the plaintiff.

*Drew & Jordan, Aldrich & Remich* and *Bingham, Mitchell & Batchellor*, for the defendant.

CLARK, J. The form of action may be changed by amendment in any stage of the proceedings, to prevent injustice (*Stebbins* v. *Ins. Co.*, 59 N. H. 143); and amendments may be made after verdict, without a new trial, when the verdict could not have been affected by the amendment if it had been made before the trial. *Merrill* v. *Perkins*, 59 N. H. 343; *Buckminster* v. *Wright*, 59 N. H. 153; *Peaslee* v. *Dudley*, 63 N. H. 220. Whether justice requires an amendment is ordinarily a question of fact to be determined at the trial term (*Page* v. *Campton*, 63 N. H. 197, *Gagnon* v. *Connor*, 64 N. H. 276), and no error of law appears in the allowance of the amendments by the referee.

Whether the plaintiff can maintain her action for injury to the real estate after the death of her husband depends upon whether the estate is insolvent and whether the administration is closed, facts which do not appear in the case. G. L., *c.* 198 *s.* 19; *Carter* v. *Jackson*, 56 N. H. 364. If the action can be sustained, a further amendment may be required, stating the facts on which the plaintiff's right to sue depends. *Forist* v. *Androscoggin Co.*, 52 N. H. 477.

The motion for a nonsuit, because the action was not brought within two years after the original grant of administration, was properly denied. Gen. Laws, *c.* 198, *s.* 7, providing that if any right of action existed against or in favor of the deceased at the time of his death, and survives, an action may be brought by or against the administrator at any time within two years after the original grant of administration, does not limit the time of bringing an action by an administrator upon a claim not barred by the general statute of limitations. The statute was enacted to extend the time within which suits may be brought

which would otherwise be barred, and not to limit the time of bringing actions against which the general statute has not run.

Upon the facts reported there is no legal error in the conclusion of the referee that the defendant's mortgage was not executed under duress. Threatening to sue does not constitute duress. *Evans* v. *Gale*, 18 N. H. 397; *Alexander* v. *Pierce*, 10 N. H. 494; *Kelley* v. *Noyes*, 43 N. H. 209; *Jones* v. *Houghton*, 61 N. H. 51. The defendant, being a mortgagee of the premises at the time of the alleged injury, contends that an action for damages cannot be maintained against him by the personal representative of the mortgagor.

The relation of mortgagor and mortgagee is peculiar, and the decisions touching the rights and interest of each are not entirely harmonious. The confusion, however, arises largely from the use of general expressions, which are correct as applied to the circumstances of the particular case, but misleading unless so limited and understood. A mortgagee is not in a general sense the owner of the mortgaged estate. Before foreclosure, his interest is not, in fact, real estate; but he is entitled to have it treated as such so far as it may be necessary to enable him to prevent waste, and to keep the land from being in any way diminished in value, or to receive the rents and profits, and to give him the full benefit of his security, and appropriate remedies for any violation of his rights under the mortgage. *Ellison* v. *Daniels*, 11 N. H. 274; *Glass* v. *Ellison*, 9 N. H. 69; *Southerin* v. *Mendum*, 5 N. H. 429. He has the remedies of an owner for the purpose of enforcing his lien against the mortgagor, or any one claiming under him; but he has them for this purpose only. 1 Jones Mort., s. 702. The mortgagee takes an estate in fee; but the sole purpose of the mortgage is to secure his debt. He is to be regarded as having the legal estate for the purpose of all lawful protection of his interests; but for other purposes the mortgage is, in general, held to be a mere security. *Smith* v. *Moore*, 11 N. H. 55; *Fletcher* v. *Chamberlin*, 61 N. H. 438, 478. He may maintain an action of trespass against the mortgagor for taking down a building or other waste of the property. *Pettengill* v. *Evans*, 5 N. H. 54; and for cutting and carrying away timber trees. *Sanders* v. *Reed*, 12 N. H. 558. But until an entry under the mortgage title, or an assertion of it in some other mode, the mortgagor is regarded as the owner of the land, notwithstanding the mortgage. *Rigney* v. *Lovejoy*, 13 N. H. 247, 251. Before entry, and so long as the mortgagor is allowed to remain in possession, he is entitled to receive and apply to his own use the income and profits of the mortgaged estate, and to recover and receive to his own use damages for any injury done to the possession or estate. He is not liable to the mortgagee for rent nor for damages recovered. Although the mortgagee may have the right to take possession, if he do not exercise it he cannot claim the profits. If he sees fit to exercise the right, he there-

upon becomes entitled to the earnings and to all the damages that may be done to the possession.

So long as the mortgagee permits the mortgagor to remain in possession of the mortgaged estate, he is regarded as owner so far only as may be necessary for the protection of his security. He may employ any remedies appropriate for that purpose, and may at any time enter and take possession under his mortgage; but until he chooses to take possession the mortgage gives him no right to do any act whereby the mortgagor may be disturbed in his enjoyment of the estate, or its value and earnings may be diminished. "If, without taking possession under his mortgage, the mortgagee flows the mortgaged land by means of a dam upon other land belonging to him, such flowing is not an exercise of any right of possession or of ownership. It is not an exercise of any possession under the mortgage. The injury is an incidental result of the exercise of his riparian rights annexed to other lands. So long as the mortgagor is suffered to remain in possession, he is entitled, by virtue of that possession, to the damages, notwithstanding the person who caused the flowing is the holder of a mortgage upon the premises flowed." 1 Jones Mort., *s.* 671; *Vaugh* v. *Wetherell*, 116 Mass. 138; *Great Falls Company* v. *Worster*, 15 N. H. 412, 443, 444, 445. So if, before entry, the mortgagee diverts a natural stream of water from the mortgaged premises, or causes to be deposited thereon any substance injurious to the land or to the crops growing thereon, the mortgage affords no protection against a claim for damages, and he is liable therefor notwithstanding the mortgage.

*Chellis* v. *Stearns*, 22 N. H. 312, and *Furbush* v. *Goodwin*, 29 N. H. 321, cited by the defendant as sustaining the motion for a nonsuit, are not in conflict with this view, and do not support the position that the plaintiff's action cannot be maintained. Those cases merely decide that a mortgagor cannot maintain trespass *quare clausum* against a mortgagee for an entry upon the mortgaged premises after condition broken; that the mortgagee's right of entry under his mortgage is a justification of the charge of breaking and entering, and, consequently, an answer to the whole action. *Bell,* J., *Chellis* v. *Stearns,* 22 N. H. 312, 315. "A right of entry and possession at the time furnishes a sufficient answer to the action." *Woods,* J., *Furbush* v. *Goodwin,* 29 N. H. 321, 333. The decisions in these cases rest upon the technical objection to the form of the action.

The present action can be maintained. At the time of the injuries complained of the defendant was not in possession of the mortgaged premises; and nothing appears in the case showing an entry for the purpose of asserting a title under the mortgage, or with a design of enforcing the mortgage lien by foreclosure. The acts of which the plaintiff complains, and for which damages are sought to be recovered, cannot be regarded as a possession under the

mortgage, or the legitimate exercise of any right under it, and consequently the mortgage cannot change the character of the acts, or afford a justification or defence to the defendant.  The language of *Parker*, C. J., in *Great Falls Company* v. *Worster*, 15 N. H. 445, is applicable to this case.  "We are of opinion that the flowing of the lot with water, by means of a dam erected elsewhere, cannot be regarded, of itself, as a possession under the mortgage title.  It is not a just exercise of any right under the mortgage.  Without title it is a tortious act, and a mortgage cannot change its character, for the reason just stated.  The mortgage was made to secure a debt, and to enable the creditor to obtain payment or satisfaction ; not to authorize him to erect a dam elsewhere, and flow the land mortgaged for purposes not connected with the debt, and not authorized by the nature of the mortgage."  The form of the action being case, is not open to the objection successfully interposed in *Chellis* v. *Stearns* and *Furbush* v. *Goodwin*.

The plaintiff sues in her representative character, and it is not to be assumed that the referee included in his verdict damages to the premises after the set-off of dower and homestead.  The plaintiff is entitled to the damages accruing in the lifetime of her husband not barred by the statute of limitations ; and if the estate is insolvent and the administration not closed, she is entitled to judgment on the report, upon amending the declaration and alleging the facts which entitle her to recover the damages accruing subsequent to the death of her husband.  G. L., *c.* 198 *s.* 19 ; *Forist* v. *Androscoggin Co.*, 52 N. H. 477.

*Case discharged.*

BLODGETT and CARPENTER, JJ., did not sit : the others concurred.