## Dorcas N. Pinkney, Admx., v. Andrew W. Pinkney, Jr.

1. LIMITATIONS—*Death of Person Entitled to Sue.*—Section 19 of Chapter 83, R. S., entitled "Limitations," providing that if a person entitled to bring an action die before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced by his representatives after the expiration of the

time and within one year from his death, was not intended to shorten the running of the statute, but to lengthen it.

2. SAME—*Death of the Creditor—Construction of the Statute.*—In a case where a debt due a decedent would be barred at a time within a year after his death, Section 19, Chapter 83, R. S., allows a suit for the debt after that time, if commenced within a year from his death. But when the debt had more than a year to run at the time of the death before it was barred, the section will not affect the running of the statute.

Assumpsit.—Money had and received, etc. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded. Opinion filed December 10, 1895.

DAN R. SHEEN, attorney for appellant.

HAMMOND & WYETH, attorneys for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an action of assumpsit brought by appellant as administratrix of the estate of Andrew W. Pinkney, Sr., against Andrew W. Pinkney, Jr., a son of the deceased, to recover for money had and received and money loaned and advanced during the lifetime of the deceased. In addition to the general issue, the defendant pleaded that the several alleged causes of action in the declaration mentioned were barred by the statute of limitation. A trial resulted in a verdict and judgment for the defendant.

The moneys sought to be recovered were the proceeds of certain bonds and promissory notes, collected at various times between July 7, 1887, and July 14, 1890. Deceased died July 19, 1890, and this suit was commenced November 23, 1893.

Some of the items were barred by the statute of limitation and were abandoned by the plaintiff.

The chief contention of appellant is that the court erred in his interpretation of Section 19 of the Limitation Act, which reads, " If a person entitled to bring an action, die before the expiration of the time limited for the commence-

ment thereof, and the cause of action survives, an action may be commenced by his representatives after the expiration of the time, and within one year from his death." The interpretation affected one claim of $2,250, collected of one J. G. Behrends on July 14, 1890. Only three years and four months intervened between its collection and the commencement of this suit. But the court held that if more than one year had elapsed between the taking out of the letters of administration and the commencement of the suit the plaintiff could not recover, as shown by the following instruction :

" The jury are instructed in this case that unless the plaintiff has brought suit upon the claims named in the declaration within five years after the said Andrew Pinkney in his lifetime might have brought suit, or if five years had not elapsed before Andrew Pinkney died, then within one year after she took out letters of administration upon his estate, she can not recover."

This instruction entirely cut out the Behrends claim, whatever may have been the belief of the jury as to whether it was collected and the proceeds paid upon indebtedness of appellee. Section 19, Chapter 83, of the Revised Statutes, was not intended to shorten the running of the statute of limitations but to lengthen it under certain circumstances. In a case where a debt due a decedent would be barred at a time within a year after his death, the section allows a suit for the debt after the time, if commenced within a year from his death. But if the debt had more than one year to run at the time of the death of the creditor before the bar, this section would not in any manner affect the running of the statute.

As the case will have to be tried again, we prefer to express no opinion as to the evidence.

No error was committed by the court in ruling upon questions of pleading. Reversed and remanded.