Robert Tatge, Plaintiff-Appellee, v. Henry J. Hyde, as Administrator of the Estate of Louise Posey, Deceased, Defendant-Appellant.

Gen. No. 51,460.

First District, First Division.

June 12, 1967.

Jerome M. Brooks and Gilbert Gordon, of Chicago (Gilbert Gordon, of counsel), for appellant.

John J. Treacy, of Chicago, for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

This is a personal injury action, in which the defendant administrator appeals from a $17,500 judgment on the theory that plaintiff's action was barred by the Limitations statute in effect at the time the action was commenced against the defendant administrator. Plaintiff cross-appeals from a remittitur of damages from $28,000 to $17,500.

On *February 25, 1958,* plaintiff was injured in a collision between his car and a car driven by Louise Posey. On December 31, 1959, plaintiff filed suit against Louise Posey, and on February 1, 1960, summons was returned "not found," with the notation that the defendant had died (November 20, 1959). Subsequently, on *April 10, 1961,* plaintiff filed an amended complaint naming the defendant administrator as a party for the first time. In a jury trial, plaintiff was awarded damages of $28,-000. Plaintiff agreed to a remittitur of $10,500, and judgment for $17,500 was entered against defendant.

As the Statute of Limitations in effect at the time the cause of action accrued was modified by subsequent amendment, the sole issue is whether the modified limitations period is controlling, or whether the statute in force when the cause of action accrued prevails. The Limitations statute in effect on the date of the occurrence (February 25, 1958) provided:

"20. Death—further time for action by or against representatives . . .

"If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of

action survives, an action may be commenced against his executors or administrators after the expiration of that time, and within nine months after the issuing of letters testamentary or of administration." As amended by act approved July 15, 1941, L 1941, Vol I, p 851.

The Limitations statute in effect on the date the action was commenced against the defendant administrator (April 10, 1961) provided:

"20. Death—further time for action by or against representatives . . .

"If a person against whom an action may be brought dies before the exipiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his executors or administrators before the expiration of that time or within 9 months from his death, whichever date is the later." As amended by act approved July 15, 1959, Vol I, p 1159.

The defendant administrator argues that the 1959 amendment to the Limitations statute, which was in effect on April 10, 1961, when the action was commenced against the defendant administrator, is procedural in nature and should be retroactively applied to cover causes of action existing prior to its enactment. Therefore, pursuant to the terms of the 1959 amendment to the Limitations statute, plaintiff had nine months from November 20, 1959, within which to name Mrs. Posey's administrator as a party defendant, and plaintiff's failure to comply with the statutory provision bars the action.

In support of his contention, the defendant administrator cites Orlicki v. McCarthy, 4 Ill2d 342, 122 NE2d 513 (1954). Orlicki was an action under the Illinois Dram Shop statute for the death of plaintiff's decedent. The issue in that case was whether the time limitation amendment applied to causes of action arising prior to the en-

actment of the amendment. In Orlicki, the Supreme Court reviewed the different approaches to time limitation amendments in their application to causes of action arising prior to the enactment of the amendments, and the court said (p 345):

> "The problem of the retroactive application of amendments is not novel in Illinois case law, and it is one upon which the jurists are not in agreement, either in their conclusions or rationale, not only in Illinois, but also in other jurisdictions . . . . Some Illinois decisions have considered the issue in terms of vested or nonvested rights . . . ; others analyze it in terms of jurisdiction . . . ; others have considered whether the provision was substantive or procedural . . . ; other courts have relied upon the intention of the legislature . . . ; and there are also decisions predicated on the statutes of construction . . . ; or upon a combination of these legal concepts and rules.

The court noted that the doctrine that legislation must be prospective in character was incorporated as a statute relating to construction (Ill Rev Stats 1953, c 131, § 4) but said (p 346):

> "The Illinois courts have limited the application of that statute by holding that the only rights within the protection of section 4 are 'vested rights.' . . . Thus, it has been held that where a statute giving a special remedy is unconditionally repealed without a saving clause, all pending suits predicated thereon will terminate as of the date of the repeal, since there is no vested right in any statutory remedy."

On page 347, the court said:

> "However, the concept of 'vested right' is fraught with vagaries that defy precise definition. . . . The

concept has been referred to as 'something more than a mere expectation, based upon an anticipated continuance of the existing law. It must have become a title, legal or equitable, to the present or future enjoyment of property, or to the present or future enjoyment of the demand, or a legal exception from a demand made by another.' . . . 'There can be no vested right in the claim for damages in a tort not connected with or growing out of a contractual relationship until judgment is rendered.' "

In Orlicki, the court concluded (p 354) :

"On the basis of the foregoing authorities, it is our judgment that the time limitation amendment should be retroactively applied, on the ground that the legislature so intended, and that it is procedural in character. We prefer to predicate our determination on these grounds, rather than by analogy to the Carlin case, which held the time requirements to be a 'condition of liability,' and which would support the same result, since our rationale has broader support in the case law, will effect greater harmony and fewer tenuous refinements among the decisions, and will not contravene either the terms or the spirit of the Saving Statute, which exempts procedural provisions."

Plaintiff contends that the Orlicki case dealt expressly and solely with the specific limitations provisions which were made a part of the Illinois Dram Shop Act, a statutory remedy; it did not purport to deal with or construe the general Statute of Limitations (Ill Rev Stats, c 83), and that the Supreme Court noted they were dealing with a right of action which was not a vested right but a creature of statute. Plaintiff argues that in the present case "we are dealing with a cause of action arising at

314

common law which gave rise to a vested right in the plaintiff when it occurred. The Orlicki decision is explicit in distinguishing such rights insofar as they are not to be barred or diminished by retroactive legislation."

Plaintiff's authorities include Hogan v. Bleeker, 29 Ill 2d 181, 193 NE2d 844 (1963), which was an action to foreclose special assessment liens ten and one-half years after the date of sale and four years after a 1957 statutory amendment, which required the bringing of suit to foreclose a special assessment lien within five years from the date of sale and assignment. The issue was whether the 1957 amendment was to be given retroactive effect so as to bar the action. In that case the court said (p 184):

"As a general rule, however, statutes will not be construed retroactively unless it clearly appears such was the legislative intention. . . . But this general rule is not ordinarily applied to statutes which relate merely to remedies and forms of procedure and which do not affect substantive rights, . . . . Where a statute giving a special remedy is amended without a savings clause in favor of pending actions, all actions affected must be decided in conformity to the law then existing, both in the trial and Appellate Courts, without regard to whether the actions accrued before or after such change, or whether action had been previously instituted. . . . We have held that the legislature has the power to withdraw jurisdiction of the courts over statutory causes of action and the exercise of that power leaves all such causes of action and pending suits where the repeal finds them. . . . This is true despite the Statutory Construction Act (Ill Rev Stats 1961, chap 131, par 4) which has been held not applicable to repeals."

In Hogan v. Bleeker, the court concluded (p 190):

315

"[The special assessment liens], even though statutory in origin, are 'vested' property rights within the meaning of the aforementioned rule set forth in the Lindheimer case and are the appropriate subject of constitutional protection. They cannot, therefore, be destroyed by applying the statute retroactively. . . . The limitation period contained in the 1957 amendment was not, in our opinion, intended to be retroactive, and did not bar the foreclosure of the plaintiff's liens."

In United States Steel Credit Union v. Knight, 32 Ill 2d 138, 204 NE2d 4 (1965), in discussing retroactivity of a statutory amendment, the court said (p 142):

"Retroactive legislation is not favored, and as a general rule statutes are construed to operate prospectively unless the legislative intent that they be given retroactive operation clearly appears from the express language of the acts, or by necessary or unavoidable implication. . . . Conversely, if the language of a statute requires retroactive application, it is the duty of the courts to so apply it. . . . Based upon these principles, it is the position of the plaintiffs that to construe the amendment as authorizing the collection of 1963 supervision fees for the period prior to July 16, 1963, the effective date of the amendment, is to give it retroactive effect without a clear or explicit manifestation by the legislature that such a result was intended."

In Carlin v. Peerless Gas Light Co., 283 Ill 142, 119 NE 66 (1918), a wrongful death action brought under the Injuries Act, it is said (p 144):

"If the time fixed within which an action under the Injuries act is to be considered as a statute of limitations the amended act would not apply, for such a statute will be given a prospective effect un-

less there appears a clear intention to the contrary, and then only where reasonable time is allowed in which to enforce existing rights."

After examining the foregoing and other authorities, we are not persuaded that the vested right approach should be used here. As we are dealing with a common-law right and not a statutory right, we believe the 1959 amendment should be construed so as to operate prospectively unless it clearly appears from the express language of the amendment that the legislative intent was to give the amendment retroactive operation. As we examine the amendment, we find nothing to indicate an intention on the part of the legislature that the amendment was to be given a retroactive effect.

Applying the pronouncements made in the Carlin case, we believe that although it appears in the instant case that a reasonable time in fact was left at the time of the effective date of the amendment to enforce plaintiff's cause of action, nevertheless a retroactive construction would include cases in which a reasonable time might not have existed to enforce an existing cause of action. It is reasonable to assume that if retroactivity was intended by the legislature, an effective date would have been included in the amendment. Therefore, we hold that the 1959 amendment was prospective only in its effect. This view is buttressed by the fact that the legislature in 1961 again amended the Limitations statute so as to give effect to its original (1941) provisions.

For the reasons given, and as we find no merit in plaintiff's cross-appeal that the order of remittitur should be set aside, the judgment in favor of plaintiff for the sum of $17,500 is affirmed.

Affirmed.

BURMAN and ADESKO, JJ., concur.