DIANE KASPER *et al.*, Plaintiffs-Appellants, *v.* HARRY FRANK, Admr. of the Estate of Uriel A. Jones, Deceased, Defendant-Appellee.

(No. 57125; )

First District—December 27, 1972.

Marshall I. Teichner, Ltd, of Chicago, (Edwin A. Strugala, of counsel,) for appellants.

Querrey, Harrow, Gulanick & Kennedy, of Chicago, (Joseph Harrow, Theodore E. Dawes, and Bruce Logan, of counsel,) for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

Diane Kasper and Mary Ann Latino, plaintiffs, appeal the dismissal of their complaint alleging a cause of action of personal injuries against

Harry Frank, defendant, as administrator of the estate of Uriel A. Jones, deceased. On September 4, 1966, the plaintiffs were involved in a car accident with Uriel A. Jones. On December 29, 1966, Mr. Uriel A. Jones died. On July 30, 1968, the plaintiffs filed suit against the deceased as driver of the car and Curtis Jones, the owner of the car. An amended complaint against the deceased was filed on July 11, 1969. Curtis Jones answered the complaint on August 6, 1969. On August 19, 1969, Curtis Jones suggested the death of Uriel Jones, and on September 21, 1970, the court allowed summary judgment as to Curtis Jones. On September 27, 1970, letters of administration were issued to defendant, and on October 26, 1970, a complaint entitled "second amended complaint" was filed against defendant, as administrator. On December 7, 1970, the trial court, upon defendant's motion, dismissed plaintiffs' second amended complaint with prejudice.

On appeal, the plaintiffs argue their suit was improperly dismissed because it was filed within the proper time under section 20 of the Limitations Act. (Ill. Rev. Stat. 1965, ch. 83, sec. 20.) The defendant argues the trial court properly dismissed the suit under the discretionary powers given the court by section 54(2) of the Civil Practice Act. (Ill. Rev. Stat. 1967, ch. 110, sec. 54(2)); and that since the original suit was filed against a dead man, that suit and any amendments thereto are a nullity. We first consider the defendant's arguments.

■■ The defendant's first argument is the trial court properly dismissed the suit using the discretionary power granted it under section 54(2) of the Civil Practice Act. (Ill. Rev. Stat. 1967, ch. 110, sec. 54(2).) That section provides:

> "Death. If a party to an action dies and the action is one which survives, the proper party or parties may be substituted by order of court upon motion. If a motion to substitute is not filed within 90 days after the death is suggested of record, the action may be dismissed as to the deceased party."

The Civil Practice Act applies to all "civil proceedings" with certain exceptions not herein relevant. (Ill. Rev. Stat. 1967, ch. 110, sec. 1.) In order for section 54(2) to apply there must be an action pending at the time of death. In the case at bar, the death of Uriel Jones occurred on December 29, 1966, prior to any action being filed. Since at the date of Mr. Jones' death he was not a party to an action, this section does not apply.

The defendant also argues the second amended complaint filed against him was properly dismissed because it was a nullity. The defendant reasons that because the original lawsuit was filed against a dead man, that suit and any amendments thereto are a nullity. The defendant relies upon

*Reed v. Long* (1970), 122 Ill.App.2d 295, 259 N.E.2d 411. There the Illinois Appellate Court for the Fourth District held, where an original action is filed against a dead man and the administrator is later substituted for the deceased upon motion, the entire proceedings are void. ██ In the case at bar the administrator was not substituted for the deceased. An entirely new complaint entitled "second amended complaint" was filed alleging a cause of action against the defendant as administrator. The complaint was complete of itself and did not refer to or incorporate the earlier complaint. We have often held that "The character of a pleading is determined more for its content than by its label." (*Dross v. Farrell-Birmingham Co., Inc.* (1964), 51 Ill.App.2d 192, 200 N.E.2d 912.) The pleading entitled "second amended complaint" was complete in itself and had the same effect as on the original complaint. *Vukovich v. Custer* (1953), 415 Ill. 290, 112 N.E.2d 712.

██ Section 20 of the Limitations Act provides the time during which an action may be brought against an administrator. (Ill. Rev. Stat. 1965, ch. 83, sec. 20.) This section, which was in effect at the time of the accident, governs. (*Tatge v. Hyde* (1967), 84 Ill.App.2d 310, 228 N.E.2d 179.) The statute at that time provided an action may be filed against an administrator within nine months after the issuing of the letters of administration. In the case at bar, the complaint alleging a cause of action against the administrator was filed within one month after letters of administration were issued. The action was commenced within the proper statutory time and was improperly dismissed by the trial court.

For the foregoing reasons, the judgment of the trial court in dismissing plaintiffs' suit is reversed and the cause is remanded to the Circuit Court of Cook County for further proceedings.

Reversed and remanded.

BURMAN and ADESKO, JJ., concur.