364

Evodio Rivera *et al.*, Plaintiffs-Appellants, *v.* George M. Taylor *et al.*, Defendants-Appellees.

(No. 58965;

First District (4th Division)—March 13, 1974.

Piacenti, Cifelli & Pigato, of Chicago (Nicholas Liontakis, of counsel), for appellants.

Jacobs, Williams and Montgomery, Ltd., of Chicago (Wyatt Jacobs, Lloyd E. Williams, Jr., and Alan C. Torgerson, of counsel), for appellees.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The plaintiffs, Evodio Rivera, Juanita Rivera, Alicia Longorio, and Roberto Longorio, originally brought this action against the defendant, George Taylor, in the Circuit Court of Cook County on August 7, 1970, as the consequence of an automobile accident which occurred in Illinois on August 10, 1968.

After it was discovered the defendant had died in Indiana on March 10, 1969, and letters of administration had been issued to his widow 3 days later, the plaintiffs were granted leave to file an amendment to the complaint adding an additional count and adding Robert Grossi, the administrator of the defendant's estate in Illinois, as a party defendant on December 1, 1971. On January 20, 1972, the administrator filed his motion to dismiss, which was sustained.

The issue for review is whether section 19 of the Limitations Act (Ill. Rev. Stat. 1967, ch. 83, § 20) has extraterritorial effect so as to require

the plaintiff to file a suit within 9 months after the issuance of letters testamentary to defendant's estate outside the State of Illinois.

The accident occurred in Illinois on August 10, 1968, and the defendant died on March 10, 1969. His wife was appointed administratrix of his estate on March 10, 1969. This lawsuit was filed on August 7, 1970, in Illinois naming George Taylor as defendant. Service was attempted via the Illinois long-arm statute, and the original summons was returned "not found" by the sheriff of Lake County, Indiana.

An alias summons was issued and served upon the Illinois Secretary of State and notice of service of process was sent by registered mail to George Taylor and was signed for by "Mrs. G. M. Taylor." Subsequently, negotiations were carried on between the attorneys for the plaintiffs and representatives of the Employers Mutual Insurance Company, which had a policy covering the defendant in effect at the time of the accident.

On August 16, 1971, the insurance company informed the plaintiffs' attorneys of the death of the defendant.

On October 21, 1971, Robert Grossi was appointed administrator of the estate of the defendant by the probate division of the Circuit Court of Cook County. The plaintiffs were then granted leave to file the amendment to their complaint.

The statute of limitations for negligence actions in Illinois is 2 years (Ill. Rev. Stat. 1971, ch. 83, § 15), but if the potential defendant dies, the time within which an action may be brought is modified by section 19 of the Limitations Act, which provides in part:

> "If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred, an action may be commenced against his executors or administrators after the expiration of the time limited for the commencement of the action, and within 9 months after the issuing of letters testamentary or of administration."

The plaintiffs contend the action was filed against the Illinois administrator within the 9-month period allowed by section 19 and the complaint should not have been dismissed. They argue that interpreting the statute to give extraterritorial effect such that an action must be filed within 9 months of issuing letters of administration outside the State of Illinois puts too great a burden on a plaintiff, requiring him to check all of the death records of all courts in the United States. They argue the legislative purpose of the statute is best served by construing the statute to mean that suit must be filed within 9 months of the appointment of an Illinois administrator.

The defendant maintains that giving extraterritorial effect to the

statute imposes no great burden on a plaintiff because he need only check the records of the court where the defendant resides. He also argues the case of *Bavel v. Cavaness* (1973), 12 Ill.App.3d 633, is dispositive of the issue. In that case there was an automobile accident on July 14, 1967, and the defendant, Lillian Rausch, died in the collision. Her estate was opened in Indiana on July 19, 1967. On July 14, 1969, exactly 2 years after the accident, plaintiffs filed suit in the Circuit Court of St. Clair County naming as defendants the estate of Lillian D. Rausch, its executors and heirs. A motion to dismiss was filed, alleging that the statute of limitations had run and that the plaintiffs had failed to file a complaint against any proper party within the time allowed by the statute. On January 18, 1971, the court held that the suit was void *ab initio* by virtue of plaintiffs' failure to name a proper party-defendant and the complaint was dismissed.

On April 21, 1971, plaintiffs sought the appointment of defendant, the Public Administrator of Williamson County, and letters of administration were issued and the suit was immediately filed. The defendant filed a motion to dismiss the complaint on the grounds that it was barred by the Statute of Limitations and the motion was denied. In reversing that part of the judgment, the court stated:

"Section 20 [section 19 of the Limitations Act] makes no distinction as to where the letters shall be issued, referring simply to issuance of letters, and it is clear that the plaintiffs did not initiate their suit within nine months from the date the Indiana estate was opened."

However, the court went on to state:

"It is not necessary for us to determine whether plaintiffs were required to file within nine months from the date the letters of administration were issued, which would have the effect of reducing the applicable two-year limitation period, for it is clear that plaintiffs failed to file either within nine months after the letters were issued or within two years after the cause of action accrued and that they are therefore barred regardless of which limitation period is applied."

That court apparently felt the statute should have extraterritorial effect but actually decided the question based on the fact the plaintiffs failed to file a proper complaint within 2 years of the commencement of the cause of action.

In the case at bar the plaintiffs did file a good complaint within the 2-year limitation period and also filed an amendment naming the Illinois administrator as a party defendant within 9 months of his appointment. ■■ We hold the statute does not have extraterritorial effect because

to construe it otherwise would be against the legislative purpose of the Act and would foreclose an Illinois resident from having his day in court. ■■ For these reasons the judgment of the Circuit Court of Cook County is reversed.

Reversed.

BURMAN and JOHNSON, JJ., concur.