(No. 46832

EVODIO RIVERA *et al.*, Appellees, v. GEORGE M. TAYLOR *et al.*—(Robert A. Grossi, Admr., Appellant.)

*Opinion filed September 26, 1975.*

Jacobs, Williams and Montgomery, Ltd., of Chicago (Barry L. Kroll, of counsel), for appellant.

Piacenti, Cifelli, Pigato & Sims, of Chicago Heights (Murray W. Sims, Jr., of counsel), for appellees.

MR. JUSTICE RYAN delivered the opinion of the court:

Plaintiffs filed a complaint in the circuit court of Cook County against George M. Taylor seeking to recover for personal injuries sustained in an automobile accident. Plaintiffs later amended the complaint, adding count II and naming Robert A. Grossi, administrator of the estate of George M. Taylor, as defendant. The administrator's motion to dismiss the suit as not being filed within the limitation period was allowed. The appellate court reversed (18 Ill. App. 3d 364), and we granted leave to appeal.

Plaintiffs and George M. Taylor were involved in an automobile accident in Will County, Illinois, on August 10, 1968. Taylor was a resident of Lake County, Indiana. On March 10, 1969, Taylor died (not as a result of the accident). His estate was opened in Lake County, Indiana, and letters of administration were issued to his widow, Ona B. Taylor, on March 13, 1969.

On August 7, 1970, plaintiffs filed their complaint against George M. Taylor in the circuit court of Cook County, Illinois, seeking to recover for the personal injuries they sustained in the accident which had occurred 3 days less than 2 years before the filing of the complaint. Summons was issued and, pursuant to section 16 of the Civil Practice Act, was forwarded to the sheriff of Lake County, Indiana, with directions to serve George M. Taylor (Ill. Rev. Stat. 1969, ch. 110, par. 16). The return on the summons made by the sheriff of that county recited that Taylor was not found in the county. On September 21, 1970, an alias summons was issued by the clerk and forwarded to the sheriff of Sangamon County, Illinois,

where service was had upon Taylor by serving the Secretary of State as provided by statute. (Ill. Rev. Stat. 1969, ch. 95½, par. 10–301.) As required, a copy of the process was sent by registered mail to George M. Taylor at his last known address in Gary, Indiana. The return receipt for the registered mail was signed by Taylor's widow, "Mrs. G. M. Taylor."

Taylor's insurance carrier, which was apparently notified of the suit, discussed possible settlement of the case with plaintiffs' attorney. On August 16, 1971, the insurance company informed plaintiffs' attorney of Taylor's death. On October 21, 1971, Robert A. Grossi was appointed administrator of the estate of George M. Taylor, deceased, by the probate division of the circuit court of Cook County, Illinois. An amendment to the complaint which had originally been filed against George M. Taylor was filed on December 1, 1971, adding count II, which asserted plaintiffs' claims for the injuries sustained on August 10, 1968, against Grossi, as administrator of Taylor's estate. The administrator (hereafter defendant) moved to dismiss the amendment to the complaint, alleging that the claims were barred by sections 14 and 19 of "An Act in regard to limitations" (Ill. Rev. Stat. 1967, ch. 83, pars. 15 and 20). The court granted the motion and dismissed the complaint.

Section 14 of the Act requires that a personal injury action be commenced within 2 years after the cause of action accrues.

The plaintiffs do not rely upon the fact that the original complaint was filed before the expiration of the 2-year limitation period to breathe life into their causes of action. Citing *Kasper v. Frank,* 9 Ill. App. 3d 481, they rely only on the amendment to the complaint which, they argue, having been filed less than 9 months after letters of administration were issued by the circuit court of Cook County was timely under section 19 of the Limitations Act, which provides in part:

"If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred, an action may be commenced against his executors or administrators after the expiration of the time limited for the commencement of the action, and within 9 months after the issuing of letters testamentary or of administration." Ill. Rev. Stat. 1967, ch. 83, par. 20.

Defendant contends that section 19 is of no help to the plaintiffs because the words "and is not otherwise barred" in that section refer to other sections of the Limitations Act. Defendant argues that when the 2-year limitation period of section 14 expires following the death of the party against whom an action may be brought and no administrator has been appointed at the expiration date, no action may be maintained thereafter. Alternatively, the defendant contends that section 19 does not preserve plaintiffs' causes of action because George M. Taylor's estate was opened in Indiana on March 13, 1969, and has now been closed. It is defendant's position that since no suit was filed within 9 months after the letters of administration were issued in Indiana, section 19 has not been complied with. Plaintiffs therefore cannot file suit 3 years and almost 4 months after the causes of action accrued and more than 32 months after letters of administration were issued in Indiana.

We do not agree with the defendant's first contention. Section 19 of the Limitations Act was construed by this court in *Roberts v. Tunnell*, 165 Ill. 631. In that case a mortgagor had died and 6 years and 2 months after his death an administrator of his estate was appointed. Suit was instituted against the administrator. The court held that because of the statute the action was not barred even though the statute of limitations had run after the mortgagor's death and prior to the issuance of letters of administration. This court held that because of the statute "suit might be brought against his administrator whenever

he should be appointed." (165 Ill. 631, 633.) It should be noted, however, that section 19 at that time did not contain the words "and is not otherwise barred" now found in this section. We do not consider the addition of these words to mean that the running of the limitation period after the debtor's death and before the issuance of letters of administration changes the holding of *Roberts v. Tunnell* except to modify it in a manner not relevant to this case as hereinafter indicated.

The possible dangers involved in such an open-end limitation statute were called to the attention of the bar in 1950. (Kahn, *Probate and Trust Questions,* 39 Ill. B.J. 146 (1950).) The article urged the amendment of section 19. In 1959 the section was amended, the net effect of which was to give the creditor of an estate the full limitation period as provided by statute or 9 months from the *death of the debtor,* whichever was later, within which to institute suit. The shortcomings of this amendment prompted another amendment to this section at the next session of the General Assembly. 5 W. James, Illinois Probate Law and Practice, sec. 339.16 (Supp. 1975).

At its next session in 1961 the General Assembly, in amending section 19, reenacted substantially the same language which that section had contained before the 1959 amendment and added the questioned language "and is not otherwise barred." It is stated that:

> "The effect was to restore the former statutory provisions and the decisional law thereunder. The phrase 'and is not otherwise barred' was pointed at the amendment made to section 204 of the Probate Act [Ill. Rev. Stat. 1961, ch. 3, par. 204], barring barable claims when no administration is had within [7] years from the decedent's death." 5 W. James, Illinois Probate Law and Practice, sec. 339.16, at 215 (Supp. 1975).

The 7-year limitation of the 1961 amendment to section 204 was reduced to 3 years by Public Act 77–2020, effective October 1, 1972. (Ill. Rev. Stat. 1973, ch. 3, par. 204.) This change is not relevant to the present case since

suit against the administrator was filed December 1, 1971, prior to the effective date of Public Act 77—2020.

Support for the conclusion that the language "and is not otherwise barred" refers to the limitation period in section 204 of the Probate Act and not the other sections of the Limitations Act is found in the fact that this language was first inserted into section 19 of the Limitations Act by Senate Bill No. 219, approved August 3, 1961, and the 7-year limitation period was for the first time added to section 204 of the Probate Act by Senate Bill No. 220, approved August 1, 1961. These were obviously companion bills.

We conclude that the construction given to section 19 of the Limitations Act by this court in *Roberts v. Tunnell* is viable except to the extent modified by section 204 of the Probate Act. Under the statutes in effect when the complaint was filed in this case, if a debtor died before the applicable limitation period expired, the cause of action would not have been barred if filed within 9 months of the issuance of letters of administration (Ill. Rev. Stat. 1967, ch. 83, par. 20) provided letters of administration were issued within 7 years after the death of Taylor. Ill. Rev. Stat. 1971, ch. 3, par. 204.

Under defendant's second contention we must consider whether section 19 of the Limitations Act applied only to estates administered in Illinois or to estates administered in the State of a decedent's domicile as well. Section 19 required that the action be instituted within 9 months (now 6 months) "after the issuing of letters testamentary or of administration."

First we must consider that the requirements of section 19 do not operate to shorten the limitation period of section 14. As an example, in our case if Taylor would have been a resident of Illinois and had died, as he did, on March 10, 1969, and if letters of administration had issued in Illinois, as they did in Indiana, on March 13, 1969, the 9-month requirement of section 19 would not have barred

the plaintiffs' right to maintain an action for personal injuries after December 13, 1969 (9 months after letters issued). The accident occurred on August 10, 1968, and the plaintiffs' action would not be barred until 2 years after that date as provided in section 14, that is, August 10, 1970. Section 19 by its terms applied only to instituting suit "after the expiration of the time limited for the commencement of the action." Thus, it can only be construed as lengthening the term within which actions may be maintained under certain circumstances and not shortening the limitation period provided in other sections of the statute.

The application of section 19 as it then existed was thoroughly discussed in *Genslinger v. New Illinois Athletic Club,* 229 Ill. App. 428. The court there analyzed *Bonham v. People,* 102 Ill. 434, *Wellman v. Miner,* 179 Ill. 326, and *Pinkney v. Pinkney,* 61 Ill. App. 525, and concluded that the proper interpretation of section 19 is that which we have given it above. The court further cited *Sammis v. Wightman* (1893), 31 Fla. 10, 12 So. 526, *Converse v. Johnson* (1888), 146 Mass. 20, 14 N.E. 925, and *Morse v. Whitcher* (1888), 64 N.H. 591, 15 A. 207, as decisions from other jurisdictions which came to the same conclusion after considering statutory provisions similar to those of section 19. See also 5 W. James, Illinois Probate Law and Practice, sec. 339.16, at 214 (Supp. 1975); Note, Limitation of Action—Effect of the Death of the Party Against Whom an Action Has Accrued—Suits Against the Personal Representative Who Qualifies After the Regular Period of Limitation Has Expired, 47 Ky. L.J. 204, 205 (1959).

If Taylor had been a resident of Illinois as above hypothesized, plaintiffs could still have maintained an action against his administrator after December 13, 1969 (9 months after the issuance of letters), and until August 10, 1970 (2 years after the cause of action accrued).

The above conclusion, of course, is based upon the

assumption that nothing occurred which would interrupt the running of the 2-year statute of limitations.

Section 18 of the Limitations Act at the time applicable to this case (Ill. Rev. Stat. 1971, ch. 83, par. 19) provided that the time a person against whom a cause of action accrued is absent from this State is no part of the time limited for the commencement of the action. In 1973 this section was amended to further provide that no person shall be considered to be out of the State during any period when he is subject to the jurisdiction of the courts of this State pursuant to sections 16 and 17 of the Civil Practice Act or section 10–301 of the Illinois Vehicle Code. Under the 1973 statute Taylor's absence from the State would not interrupt the running of the 2-year statute of limitations. However, the amendment to section 18 specifically provided that it should apply only to actions commenced after its effective date, October 1, 1973. Ill. Rev. Stat. 1973, ch. 83, par. 19.

The amendment, however, did not change the law in this State at least as to the effect of section 10–301 of the Illinois Vehicle Code on section 18 of the Limitations Act as it existed prior to the amendment. Although the question has not been decided by this court, the appellate court in *Nelson v. Richardson,* 295 Ill. App. 504, considered the effect of the predecessor of section 10–301 on section 18 of the Limitations Act. The court stated: "By this act the legislature obviously intended to create an exception to section 18 of the Limitations Act, which provides for the tolling of the statute while a defendant is out of this State." (295 Ill. App. 504, 510.) The court reasoned that since jurisdiction of the absent defendant could be obtained by service on the Secretary of State, the purpose of tolling the statute of limitations during the defendant's absence has been removed and the statute of limitations should not therefore be tolled. Although *Nelson* appears to be the only Illinois decision on this question, the holding of that case appears to be the

holding in the majority of jurisdictions which have considered the question and should be adopted by this court. See 94 A.L.R. 485 (1935); 119 A.L.R. 859 (1939); 17 A.L.R.2d 502, 516 (1951); 51 Am. Jur. 2d *Limitation of Actions* secs. 161, 162 (1970); see also *Moore v. Dunham* (10th Cir. 1956), 240 F.2d 198.

In 1955 the General Assembly amended section 16 and added section 17 of the Civil Practice Act providing still another method of obtaining personal jurisdiction over nonresident defendants. Inasmuch as the commission of a tortious act within this State is an act specified in section 17 by which a nonresident submits to the jurisdiction of the courts of this State, jurisdiction could have been obtained over the person of Taylor by personal service as provided in section 16. Since Taylor was amenable to service under either section 10—301 of the Illinois Vehicle Code or section 16 of the Civil Practice Act, the statute of limitations was not tolled during the time he was absent from this State.

The further question of the effect of the death of Taylor on March 10, 1969, on the running of the statute of limitations must be considered. Although the rule has been criticized, generally speaking, in the absence of a statute to the contrary, an executor or administrator cannot be sued outside the State of his appointment to recover an obligation of his decedent. (D. Currie, The Multiple Personality of the Dead: Executors, Administrators and the Conflict of Laws, 33 U. Chi. L. Rev. 429, 439 (1966).) Although section 10—301 of the Illinois Vehicle Code does not specifically refer to actions against or service on a personal representative, section 17 of the Civil Practice Act provides that the doing of the enumerated acts, including the commission of a tortious act in this State, submits not only the tortfeasor but also his personal representative to the jurisdiction of the courts of this State. In *Hayden v. Wheeler,* 33 Ill.2d 110, this court held that by virtue of the reference to personal representative in section 17 of the

Civil Practice Act jurisdiction can be obtained over a nonresident administrator for purposes of maintaining a suit for personal injuries in Illinois arising out of an accident involving the administrator's decedent.

Thus, although Taylor died, his administrator appointed in Indiana was amenable to process issued by an Illinois court. Under the Indiana statute the estate of the tortfeasor can be opened or reopened and suit filed against the administrator within the period of limitations. (Ind. Ann. Stat. Code sec. 7—801(f)) (now 29—1—14—1) (Burns 1972).) The limitation period within which an action for personal injuries must be instituted in Indiana is 2 years as it is in Illinois. (Ind. Ann. Stat. Code sec. 2—602 (now 34—1—2—2) (Burns 1973).) Therefore, at any time prior to August 10, 1970 (2 years after the accident), suit could have been filed in Illinois and personal jurisdiction obtained over Taylor prior to his death or over his administrator after his death for purpose of adjudicating plaintiffs' claims as effectively as if Taylor had been a resident of this State.

The causes of action accrued; Taylor died; an administrator was appointed in Indiana; 9 months passed after letters issued, and finally the 2-year statute of limitations expired. The 9-month provision of section 19 will not serve to shorten the 2-year period of limitations of section 14. However, since jurisdiction could have been acquired over Taylor or his administrator at any time during the 2-year period, section 19 should not be construed to authorize the appointment of another administrator in Illinois after the 2-year period has expired for the purpose of extending for another 9 months the time within which suit may be filed. Plaintiffs' causes of action were barred by section 14 of the Limitations Act, and the trial court properly dismissed the action against the administrator.

Plaintiffs urge that such a construction would place upon them the burden of ascertaining if a deceased defendant's estate had been or was being administered in

any court in any of the 50 states. The argument has no merit in this case. Plaintiffs knew Taylor's address and in fact attempted service on him at that address under section 16 of the Civil Practice Act. Information as to whether he was living or dead and, if dead, whether an administrator had been appointed for his estate could have been obtained just as easily as if he had resided in any of the 102 counties in Illinois. The judgment of the appellate court is reversed, and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*