A. P. HICKS, ADMINISTRATOR OF GEORGE W. BLISS, v. J. W. CLARK, ADMINISTRATOR OF WILLIAM W. BLISS.

*Probate Court. Jurisdiction. Statute of Limitations. Merger.*

A person having died in another state, the place of his residence, leaving a portion of his estate there and a portion in this state, claims may be prosecuted against the portion here the same as though the sole administration of the estate was in this state, unaffected by the fact that they could have been prosecuted against the portion in such other state. In such case the running of the statute of limitations is suspended, as in other cases, during the time between the death of the party and the appointment of the administrator here.

A claim is not merged in a bond in which the obligor stipulates that "such payment of $300, or the *pro rata* share thereof, as aforesaid, shall be a release and discharge," etc. In such case the payment, and not the giving of the bond, is to be the release and discharge of the claim.

BOOK ACCOUNT. Referred to an auditor, and heard by the court, upon his report, at the March term, 1868, PECK, J., presiding.

Upon the facts stated in the report, the court rendered judgment for the plaintiff to recover the sum of $300 and the interest on the same from the time the administrator of the estate of W. W. Bliss, in New York, made a final settlement of his administration account, which, the report finds, was about April, 1862; and the court computed interest from May 1, 1862. The defendant insisted that the claim was merged in the written contract of May 19, 1857, and that the claim was barred by the statute of limitations. To this decision of the court the defendant excepted.

The auditor reported as follows:

"William R. Bliss died the last day of May, 1855, and before his decease he told his son, William Wallace Bliss, what he wanted done in relation to a burial-ground and tomb in the town of Calais, Vt. After the decease of said Wm. R. Bliss, his son William Wallace Bliss contracted with George W. Bliss, of Calais, Vt., to build a tomb, with a view of carrying out his father's directions, and said George W. Bliss did build the tomb, and was to receive the cost, which was to be paid by said Wm. Wallace Bliss. The cost of the tomb was about seven hundred dollars. Wm. Wallace Bliss died in October, 1855, having his residence in the city of New York in the state of New York, and Amos W. Locke was appointed administrator on his estate,

under the laws of the state of New York. George W. Bliss died in June, 1866, at Calais, Vt.

" No administration was taken out in Vermont on the estate of Wm. Wallace Bliss, until about December, 1865, when it was ascertained and known that there was property in Washington county, Vt., belonging to his estate.

" I find that, after the decease of Wm. Wallace Bliss, George W. Bliss, of Calais, Vt., made a claim against his estate for building the tomb at Calais, Vt., and on the 19th day of May, 1857, there was a balance due George W. Bliss, for building said tomb, of three hundred dollars, and on said 19th day of May, 1857, George W. Bliss and Amos W. Locke entered into a written contract under seal, said Locke contracting as administrator on the estate of William Wallace Bliss, a copy of which written agreement is hereto annexed and made a part of this report.

" The defendant claimed before me at the hearing, that the claim here presented was barred by the statute of limitations, and also that whatever claim Geo. W. Bliss had against William Wallace Bliss for erecting said tomb, was merged in this written contract of May 19, 1857, and the action of book account can not be sustained. I find that the estate of William Wallace Bliss was good and sufficient to pay all of its debts, and that the three hundred dollars specified in said written agreement between Geo. W. Bliss and said Locke, has not been paid by said Locke.

" If, from the foregoing facts, the court decide that the statute of limitations is a good bar to a recovery in this case, or that the action of book account will not lie, then I find there is nothing due from the defendant to the plaintiff to balance book accounts between them; but if the court, as matter of law, overrule both of said objections, and decide that the statute is no bar, and that book account can be sustained, then I find that on the 19th day of May, 1857, the defendant was owing Geo. W. Bliss, as the balance due him for building the tomb, the sum of three hundred dollars; that being the sum agreed between Geo. W. Bliss and said Locke as due the said Geo. W. on that day, with interest as the court shall decide is just and equitable. As to the interest, I do not find as said Geo. W., from the time of making of said agreement (May 19, 1857) down to December, 1865, ever took any measures to collect the $300 due him, or ever asked said Locke to pay the same; and I find that said Locke settled his administrator's account about April, 1862, except the payment of this claim; and, as the duty was on the defendant to pay this claim, I have allowed interest from April, 1862, as just and reasonable, subject to the opinion of the

court, so that, if the plaintiff is entitled to recover, I find for the plaintiff to recover the sum of $300, and five years' interest, $90."

---

" Memorandum of an agreement made this 19th day of May, 1857, between Amos W. Locke, administrator of the estate of William W. Bliss, deceased, and George W. Bliss, of Calais in the state of Vermont, witnesseth :

That, whereas the said George W. Bliss makes a claim against the said Locke as such administrator, for eight hundred and fifty dollars, and whereas five hundred dollars of the said claim was intended to be provided for in the sum of two thousand dollars agreed to be paid by the said Locke to Celinda A. Bliss, in a certain agreement in writing made and executed between George W. Bliss, of Milford, Massachusetts, the said Celinda A. Bliss and Amos W. Locke, bearing date June 2, 1856, now, therefore, it is hereby agreed between the said parties to this instrument, that the said Bliss of Calais, for the said five hundred dollars intended to be provided for in the sum of two thousand dollars as aforesaid, shall take and accept the said Celinda A. Bliss for and instead of the said Locke, as the one solely responsible to him for the said sum of five hundred dollars, part of the said eight hundred and fifty dollars, and henceforth wholly discharge the said Locke of and from so much of the said claim ; and the said Locke as such administrator, agrees to pay unto the said Bliss of Calais, for the balance of the said claim of eight hundred and fifty dollars, the sum of three hundred dollars (at which sum the said claim is hereby adjusted between the said parties), on the final settlement of the estate of the said Bliss, deceased, provided there be sufficient assets to pay the debts of the said Bliss, deceased, in full ; or his *pro rata* share in case of a deficiency in the said assets to pay the debts. And such payment of the said sum of three hundred dollars, or the *pro rata* share thereof in case of a deficiency in the said assets, to the said Bliss of Calais, shall be a release and discharge of the said Locke individually and as administrator as aforesaid, of and from all claims and demands, actions and causes of action of him, the said Bliss of Calais, against him, the said Locke, and the estate he represents as such administrator."

*Heaton & Reed*, for the defendant.

The rights of the plaintiff are barred by the statute of limitations, and we do not see how any of the exceptions to the statute can aid the plaintiff. This claim for the tomb erected in 1855,.

was merged in the sealed contract of May 19, 1857. *Smith* v. *Higbee*, 12 Vt., 113 ; *Mann et al.* v. *McNulty*, 7 Illinois, 355, 358 ; *Curson* v. *Monteiro*, 2 Johnson, 308 ; 1 Chitty's Pl., 119.

*Joseph A. Wing*, for the plaintiff.

The statute of limitations is not a bar to this suit. Section 16 of chapter 63 of the General Statutes deducts the time between the death of the party and the appointment of administrator. Therefore no statute has run on this claim. There is no merger of the claim in the written contract.

The opinion of the court was delivered by

BARRETT, J. We regard the provisions of our General Statutes, regulating and limiting the prosecution of claims against the estates of deceased persons, as having exclusive reference to the prosecution of claims in the probate courts of our own state, and that they are entirely unaffected, in their application and effect, by the fact that portions of such estates may be proceeded with in other states, and therein such claims might, by claimants residing in this state, be prosecuted successfully in the proceedings in other states. The rights of parties living in the state, to present and pursue their claims to allowance and satisfaction in our probate court, are the same as if the sole administration of the estate was in this state. In the present case the claimant presented his claim within, and conformably to, the provisions of our statute regulating the subject, and of course he is not precluded by the limitations of the statute.

The point made, that this claim was merged in the bond given by Locke, seems to us not well founded.

Upon a familiar maxim and principle of construction, it seems that the terms of the bond exclude the idea of its operating to merge the original claim, for it says, " Such payment of $300, or the *pro rata* share thereof, as aforesaid, shall be a release and discharge," etc. The *payment*, and not the *giving of the bond*, was to be the release and discharge of the claim ; the " payment shall be" (in the future), not the giving of the bond now is (in the present), a release and discharge. *Inclusio unius exclusio alterius.*

The judgment is affirmed.