(No. 11775.—Cause transferred.)
ANTONIO TARALLO, Plaintiff in Error, *vs.* THE L. W. HUB-
BELL FERTILIZER COMPANY *et al.* Defendants in Error.

*Opinion filed December 19, 1917.*

1. APPEALS AND ERRORS—*no freehold is involved in suit concern-
ing lien of judgment.* A bill to set aside a judgment and a sale of
real estate on execution thereunder and to enjoin the holder of
the certificate of purchase from disposing of it or taking possession
of the land does not involve a freehold.

2. SAME—*when a constitutional question is not involved.* Error
in dismissing a bill to set aside a judgment and a sale of land on
execution thereunder does not involve the constitutional question
concerning due process of law so as to give the Supreme Court
direct jurisdiction to review the decree, even though the judgment,
which has become final by the Appellate Court's affirmance, may
be erroneous.

WRIT OF ERROR to the Superior Court of Cook county;
the Hon. DENIS E. SULLIVAN, Judge, presiding.

CAIROLI GIGLIOTTI, for plaintiff in error.

ALLEN G. MILLS, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This writ of error should have been sued out of the
Appellate Court. The case does not involve a franchise or
freehold, the validity of a statute or the construction of the
constitution, or concern the revenue, and the State is not
interested, as a party or otherwise.

The complainant filed a bill in the superior court of Cook
county to set aside a judgment of the municipal court of
Chicago recovered by the L. W. Hubbell Fertilizer Com-
pany and a sale of real estate under an execution issued
upon such judgment, and to restrain the holder of the cer-
tificate of sale from disposing of it or taking possession of
the property sold. No freehold is involved, for the litiga-
tion concerns only the lien of the judgment.

The plaintiff in error attempts to raise constitutional questions by his assignments that he is deprived of his property without due process of law and is denied the equal protection of the laws, contrary to the fifth and fourteenth amendments to the constitution of the United States and to the constitution of this State. No such questions are involved in the record. The judgment sought to be set aside was rendered upon a bond executed by the plaintiff in error which purported to be an appeal bond from a judgment of the municipal court. The grounds alleged for setting the judgment aside and enjoining the enforcement of it are, that the bond was executed after the time fixed for the filing of an appeal bond had expired; that its execution was procured by fraud and circumvention; that a writ of error had been sued out of the Appellate Court to reverse the judgment before the bond was executed, which writ of error was made a *supersedeas;* that nevertheless the plaintiff in the judgment caused a short record to be filed in the Appellate Court and an order to be entered dismissing the appeal, and subsequently brought suit on the bond, and, while the writ of error was pending and was ordered to be a *supersedeas,* recovered the judgment in controversy. Notwithstanding these facts were all presented to the municipal court by pleas in the cause, that court on June 2, 1915, rendered the judgment complained of, the Appellate Court afterward affirmed the judgment, and the plaintiff in error was unable to have the judgment reviewed by the Supreme Court because it was for less than $1000 and the Appellate Court refused a certificate of importance.

The bill is a collateral attack upon the judgment of the municipal court and presents no constitutional question. Even if the decree were manifestly erroneous and the court ought to have entertained the bill, the complainant was not thereby denied due process of law or the equal protection of the laws. Mere error in a judgment or decree does not

necessarily deprive the losing party of the benefit of due process of law.

The cause will be transferred to the Appellate Court for the First District.

*Cause transferred.*