(No. 18132.—

ELIZABETH JANE GENSLINGER, Exrx., Appellee, *vs.* THE NEW ILLINOIS ATHLETIC CLUB OF CHICAGO, Appellant.

*Opinion filed October 25, 1928—Rehearing denied Dec. 7, 1928.*

DeYoung, C. J., took no part.

Sims, Welch, Godman & Stransky, (Franklin J. Stransky, of counsel,) for appellant.

Hume & Kennedy, and Cutting, Moore & Sidley, (Charles S. Cutting, and Frank L. Hume, of counsel,) for appellee.

Mr. Justice Dunn delivered the opinion of the court:

This is an appeal taken directly to this court by the New Illinois Athletic Club of Chicago from a judgment for $194,600 recovered against it in the circuit court of Cook county by Elizabeth Jane Genslinger, as executrix of the will of Charles H. Genslinger, in an action on the case for the alleged conversion of 973 certificates of membership in the appellant. The appeal was taken to this court on the ground that questions of construction of sections 11 and 12 of article 6, section 22 of article 4 and section 29 of article 6 of the constitution are involved. A brief statement of facts is necessary to show how these questions of constitutional construction are supposed to arise.

The cause of action which is the basis of the judgment grew out of the transactions of the defendant and Charles H. Genslinger in his lifetime. The appellant, a corporation not for pecuniary profit, was incorporated on November 11, 1904, its object being the encouragement of physical culture

and manly sports and the promotion of social intercourse among its members. Genslinger was one of the original incorporators and promoters of the club. He was its first secretary and continued to be a life member until his death, on September 15, 1920. He participated actively in its organization, securing members, the purchase of a site for the club building and its erection, in pursuance of a contract with the club. He afterward brought a suit against the appellant in the municipal court of Chicago for the sum of $200,000. The appellant filed a bill to restrain him from prosecuting the suit and praying for an accounting. Genslinger filed an answer to the bill and a cross-bill praying for an accounting against the appellant. Upon a hearing a decree was rendered granting a part of the relief prayed for by the complainant and dismissing Genslinger's cross-bill for want of equity. Genslinger appealed to the Appellate Court, where the decree was reversed and the cause remanded to the circuit court, with directions to dismiss the bill for want of equity, to enter a decree in favor of Genslinger for $23,683.52, and to decree that the club be directed to issue to him 1000 certificates of membership in the club. Upon the reinstatement of the cause in the circuit court that court entered its decree in conformity with the mandate of the Appellate Court. The club issued these certificates as directed by the decree, and it is for the conversion of these certificates, except twenty-seven which Genslinger had sold, that the present suit was prosecuted.

The decree so entered was offered in evidence on the trial, and it is contended that the judgment of the Appellate Court was void because that court was without jurisdiction to decide the facts upon the evidence contrary to the finding of the circuit court and direct the circuit court what decree it should enter, and that thereby the appellant was deprived of its property without due process of law. The Appellate Court had jurisdiction of the appeal and the parties. If it had jurisdiction to enter the order its judgment

was competent evidence in this case, and by its use the appellant could not have been deprived of its property without due process of law. If the Appellate Court did not have jurisdiction to enter the order its judgment was void and of no binding effect on the parties and its admission in evidence was merely an error in the progress of the trial. The trial of the cause was conducted according to the legal and usual method of procedure in actions on the case, and the judgment rendered by the court on such a trial is the result of due process of law, however erroneous or unjust the decision may be, if the trial court had jurisdiction to enter the judgment which it did enter. The constitutional requirement of due process of law is not a guaranty that the courts shall not commit error in the trial of causes or a guaranty against erroneous and unjust decisions by courts which have jurisdiction of the parties and the subject matter. If errors are committed or erroneous and unjust decisions are rendered they may be corrected in the manner provided by law for the correction of such errors, but mere error in a judgment or decree does not deprive the losing party of the benefit of due process of law. (*Tarallo* v. *Hubbell Fertilizer Co.* 281 Ill. 286.) " 'Jurisdiction is the power to hear and determine the subject matter in controversy between parties to a suit, to adjudicate or exercise any judicial power over them. The question is whether, in the case before a court, their action is judicial or extra-judicial; with or without the authority of law to render a judgment or decree upon the rights of the litigant parties. If the law confers the power to render a judgment or decree then the court has jurisdiction. What shall be adjudged between the parties and with which is the right of the case is judicial action by hearing and determining it.' (*State of Rhode Island* v. *State of Massachusetts,* 12 Pet. 657.) If a court has jurisdiction of the subject matter and the parties it is altogether immaterial, where its judgment is collaterally called in question, how grossly irregular or manifestly erroneous its proceed-

ings may have been; its final order cannot be regarded as a nullity, and cannot therefore be collaterally impeached." (*People* v. *Seelye,* 146 Ill. 189.) A constitutional question is not involved so as to give this court jurisdiction of a direct appeal from a trial court where the judgment or decree is attacked on the ground that its enforcement will deprive the person against whom enforcement is sought of his property without due process of law. The question in such case is the validity of the judgment or decree and not the constitutional question of due process of law. (*Albrecht* v. *Omphghent Township,* 324 Ill. 200; *Cooper* v. *Palais Royal Theatre Co.* 320 id. 44; *Ross* v. *Maston,* 297 id. 528; *Edlund* v. *Edlund,* 285 id. 163; *Hunter* v. *Empire State Surety Co.* 261 id. 335; *Chicago General Railway Co.* v. *Sellers,* 191 id. 524.) The circuit court, by the reversal of its decree and the remandment of the cause, re-acquired jurisdiction of the cause, was vested with power to enter a decree, and the decree entered was not subject to collateral attack for mere error in its rendition.

The conversion of the certificates complained of was claimed to have occurred on June 24, 1919, and the action which is the subject of review was begun on September 24, 1921,—more than a year after Genslinger's death. Section 19 of the general Statute of Limitations provides: "If a person entitled to bring an action die before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced by his representatives after the expiration of that time, and within one year from his death. If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his executors or administrators after the expiration of that time, and within one year after the issuing of letters testamentary or of administration." Section 15 of the same act provides that actions to recover the

possession of personal property or damages for the detention or conversion thereof shall be commenced within five years next after the cause of action accrued. This period had not elapsed when the present action was brought, and therefore section 19 has no application to this case. At common law, actions of tort did not survive to the executor, but by 3 Edw. III, chap. 7, it was enacted that actions of trespass for injuries to personal property should survive and executors might recover damages for such injuries; and this act, being prior in date to the fourth year of the reign of James I, became the law of this State under the statute adopting the common law and certain statutes of the British parliament. (*Bunker* v. *Green,* 48 Ill. 243.) Furthermore, section 123 of the Administration act provides that in addition to the actions which survive by the common law, actions for the detention or conversion of personal property shall also survive. Therefore section 19 is entirely immaterial to the rights of the parties in this case and to the judgment rendered. If it is unconstitutional it may be wholly disregarded, leaving the other parts of the act in force, and if it is constitutional it imposes no limitation upon the beginning of the suit within five years from the accrual of the cause of action.

We express no opinion whether the certificates in question were or were not personal property.

Since these two supposed constitutional questions constitute the only basis claimed to give the right of direct appeal to this court, and since they do not affect the case, this court is without jurisdiction to hear and decide the case. Under the statute the appeal should have been taken to the Appellate Court for the First District, and the cause is transferred to that court.

*Cause transferred.*

Mr. Chief Justice DeYoung took no part in the decision of this case.