In re Farrington D. Post.

January Term, 1941.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed January 17, 1941.

*P. C. Warner*, City Attorney of St. Albans, for the relator.

*Alban J. Parker*, Deputy Attorney General, *contra.*

MOULTON, C. J.   Section 276 of the Public Laws provides that after a general election the votes cast for state, county and congressional officers and representatives to the general assembly, together with the attested certificates of votes, shall be delivered to the town clerk; "and the clerk shall keep the same securely sealed for three years after such election; but, if called for, he shall deliver them to the committee appointed by the general assembly to canvass the same or to a person authorized to receive them, for such purposes and for such time as he is entitled to them." The relator is the city clerk of the City of St. Albans and he has received and is keeping securely sealed the votes cast in that city in the general election of November 5, 1940, in accordance with his statutory duty.   On November 22 a subpoena *duces tecum* was served upon him, commanding him to produce the boxes containing the ballots cast for city representative at

an inquest then being held by the judge of the Franklin Municipal Court, for the purpose of investigating certain suspected election frauds. He obeyed the subpoena, but when the judge ordered him to open the sealed boxes he refused to do so, and, persisting in this attitude, he was on January 3, 1941, adjudged in contempt and ordered to be committed to jail. Hence this petition for a writ of *habeas corpus.*

■ ■ The statute above quoted is mandatory. The ballots are to be kept by the clerk for the required period of time securely sealed. They are to be delivered only to the appointed committee of the general assembly or to some person authorized to receive them, and such authorization must, as we construe the statute, come from the general assembly, and be for the purpose of canvassing the votes. By thus providing for the delivery to a certain designated committee or person, the legislature has impliedly prohibited the delivery to any one else. *City of New Haven* v. *Whitney,* 36 Conn. 373, 375. The maxim *"Inclusio unius est exclusio alterius"* applies. See *Hicks, Admr.* v. *Clark, Admr.,* 41 Vt. 183, 185.

A very similar case is *Ex parte Brown,* 97 Cal. 83, 31 Pac. 840, wherein the statute required the registrar of votes to keep the packages of ballots cast at an election unopened and unaltered for twelve months and after that time had elapsed, to burn them, unless a contest had been commenced before a competent tribunal. The registrar for the city and county of San Francisco was ordered to produce and open a sealed package of ballots in the course of the examination of an inspector of election charged with a felony committed as such inspector. He refused to comply with the order, was committed for contempt and petitioned for a writ of *habeas corpus.* It was held that the order was beyond the jurisdiction of the examining magistrate; that the duty imposed upon the registrar by the statute was not performed if he parted with the custody of the ballots, or permitted the packages to be opened or failed to destroy them at the expiration of a year, except in the case of a contest before a competent tribunal, when, and when only, he might, upon a proper order of such tribunal, deliver the ballots into its custody to be opened and used as evidence; that the proceeding against the inspector of elections was not a "contest" within the meaning of the stat-

ute; and that while it is the general principle that courts have the power to compel the production of the best evidence within the reach of their process, and material to the issue to be tried and that the parties to litigation have a right to the production of such evidence, the legislature has the power to set this principle aside, in pursuance of a policy which it deems of paramount importance.

In opposition to the granting of the writ in the present case we are referred to *In re Massey*, 45 Fed. 629, a proceeding for contempt heard in the United States District Court for the Eastern District of Arkansas. But the decision therein went upon the ground that a state statute providing for the preservation of ballots could not be invoked to prevent their production in evidence before a federal grand jury in the administration of the criminal law of the United States; and the intimation of the District Judge that this principle also applied when the prosecution was in a state court is clearly only a *dictum*. Other cases cited are not in point.

██ ██ We hold that the judge of the Franklin Municipal Court lacked the authority to order the relator to open the sealed boxes of votes, and therefore the writ of *habeas corpus* is available. *In re Hook*, 95 Vt. 497, 503, 115 Atl. 730, 19 A. L. R. 610.

*Judgment that the relator is illegally deprived of his liberty and he is discharged.*