Rockingham,
No. 5461.

### Violet W. Atwood *v.* Bertha V. Bursch.

Argued March 1, 1966.
Decided April 29, 1966.

*George R. Scammon* and *Robert G. Whitman* ( *Mr. Whitman* orally ) for the plaintiff.

*Anthony Cogswell* for the defendant, filed no brief.

Wheeler, J. This action is a petition for an accounting brought by the plaintiff, Violet W. Atwood, widow of and administratrix of the estate of Clifford E. Atwood, late of Hampton Falls, who deceased in 1957.

The defendant, Bertha V. Bursch, a sister of the decedent conducted his affairs under a power of attorney and at his decease declined to make an accounting to said administratrix. The plaintiff offered to prove that the defendant Bursch had resided in New York City at all pertinent times through the year 1962. In 1963 she moved to this state and the instant petition was filed.

The defendant moved that the petition be dismissed on the grounds that it was an attempt to reopen an estate after the statutory period for making claims had elapsed. The motion was granted.

The plaintiff moved for a rehearing on the motion to dismiss alleging that she was prepared to present evidence concerning the residence of the defendant outside the jurisdiction of this state so that no statutory limitations would run against the estate. This allegation was not denied.

In further support of plaintiff's motion for rehearing plaintiff submitted answers to certain interrogatories of the defendant

which in substance sustain the allegations in the petition to the effect that defendant while holding power of attorney from the decedent had purchased securities in his name and sold them and had access to his bank accounts and signed his name on checks. These allegations were not denied. The motion for rehearing was denied and all questions of law raised by the plaintiff's exception to dismissing the petition and denial of her motion for rehearing were reserved and transferred by *Grant,* J.

Contrary to the contention of the defendant the case at bar is not "an attempt to reopen an estate after the statutory period for making claims has elapsed" but is a bill in equity for an accounting brought by the administratrix in the performance of her legal duties to discover and conserve the assets of the estate of the decedent.

The allegations in the petition have not been denied. The defendant held a power of attorney from the decedent from 1948 until his decease on January 7, 1957. During this period she sold his business, purchased and sold securities in his name, signed income tax returns and had access to his bank accounts and signed checks in his name. The defendant has neglected or refused to make an accounting to the plaintiff. The relationship of the parties was that of principal and agent. These allegations state a cause of action in equity for an accounting unless it is otherwise barred by the statute of limitations. The record is not clear as to what statute the defendant relies upon as a bar to this action.

RSA 556:7 provides: "RIGHT OF ACTION SURVIVING. If a right of action existed in favor of or against the deceased at the time of his death, and survives, an action may be brought by or against the administrator at any time within two years." This "statute was enacted to extend the time within which suits may be brought which would otherwise be barred, and not to limit the time of bringing actions against which the general statute has not run." *Morse* v. *Whitcher,* 64 N. H. 591, 592, 593; *Frye* v. *Hubbell,* 74 N. H. 358, 360; RSA 508:4; Fifth Report, N. H. Judicial Council ( 1958 ) *pp.* 16, 17. The general statute of limitations ( RSA 508:4 ) runs only in favor of those who are within the state. RSA 508:9.

The plaintiff was appointed administratrix in 1957. At that time defendant lived in New York and continued to live there

until 1963 when she came to this state and the petition before us was instituted. In these circumstances the defendant cannot claim the benefit of this statute. *Page Belting Co.* v. *Prince,* 77 N. H. 309, 314.

*Exceptions sustained; remanded.*

LAMPRON, J., did not sit; the others concurred.