SCHWARTZ, Judge.
On the basis of Section 733.104(1), Florida Statutes (1979), the trial judge dismissed this action for fraud allegedly committed during his lifetime upon Elliott Mackle, the decedent of the plaintiff-personal representative, because the complaint was filed more than one year after his death. This was error.
Section 733.104(1) provides:

Suspension of statutes of limitation in favor of the personal representative-

(1) If a person entitled to bring an action dies before the expiration of the *1082 time limited for the commencement of the action and the cause of action survives,[1] the action may be commenced by his personal representative after the expiration and within 12 months from the date of the decedent’s death.
As is obvious from its title and language, the sole effect of this provision is to benefit the estate by suspending and elongating the period in which a personal representative may commence an action as to which the pertinent limitations period would have expired during the year after death.[2] It plainly has no effect upon the commencement of actions which are not otherwise time-barred and does not, contrary to the ruling below, impose a new one-year blanket statute of limitations[3] upon all causes of action which survive. Sammis v. Wightman, 31 Fla. 10, 12 So. 526 (1893); Genslinger v. New Illinois Athletic Chib, 322 Ill. 316, 163 N.E. 707 (1928); McNear v. Roberson, 12 Ind.App. 87, 39 N.E. 896 (1895); Converse v. Johnson, 146 Mass. 20, 14 N.E. 925 (1888); Atwood v. Bursch, 107 N.H. 189, 219 A.2d 285 (1966). In this case, the complaint-perhaps unnecessarily [4]affirmatively alleged facts which demonstrate that the action was timely filed within the statute of limitations as to fraud, Sections 95.031, 95.11(3)(j), Florida Statutes (1979). The judgment under review is therefore
Reversed.

. The fraud action survived the death of Elliott Mackle. § 46.021, Fla.Stat. (1979).

. The earlier version of this statute, Section 734.27, Florida Statutes (1973), ran the twelve month period from the granting of letters. See, Matthews v. Matthews, 177 So.2d 497 (Fla.2d DCA 1965), cert. discharged, 189 So.2d 629 (Fla. 1966). The amendment clearly did not change the effect of the statute itself as discussed in Sammis v. Wightman, 31 Fla. 10, 12 So. 526 (1893).

. The references to Sec. 733.104(1) as a “probate statute of limitations,” which appear in dicta in Haney v. Holmes, 364 So.2d 81, 82 (Fla.2d DCA 1978), appeal dismissed, 367 So.2d 1124 (Fla.1979), represent no more than an imprecise choice of language.

.See, Wimpey v. Sanchez, 386 So.2d 1241 (FLa.3d DCA 1980); Sanchez v. Mercy Hospital, 386 So.2d 42 (Fla.3d DCA 1980); Poulos v. Vordermeier, 327 So.2d 245 (Fla. 4th DCA 1976).