## Estate of Sidney S. Harris v. Charles R. Eichel

[565 A.2d 1281]

No. 88-230

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed December 9, 1988

Motion for Reargument Denied July 21, 1989

*Richard F. Taylor,* Middlebury, for Plaintiff-Appellant.

*D. Patrick Winburn* and *Joy C. Frank* (On the Brief), Manchester Center, for Defendant-Appellee.

**Allen, C.J.** Plaintiff, the executor of the estate of Sidney Harris, appeals a superior court order granting summary judgment to defendant, an attorney whom plaintiff had sued seeking damages for breach of a fiduciary duty owed to decedent. We affirm.

The decedent, Sidney Harris, then 81, married defendant's mother, Ruth Eichel, in 1974. Prior to their marriage the couple entered into a prenuptial agreement under which each

waived all right and interest in the estate of the other, except for provisions not here at issue. The agreement was prepared by Sidney Harris's attorney and notarized by defendant. Thereafter defendant acted as counsel to Sidney Harris, and on January 12, 1983, Sidney Harris and defendant entered into an irrevocable trust agreement which defendant prepared, naming defendant as trustee. The agreement provided that upon Sidney Harris's death, the balance remaining in the trust would be delivered to Ruth Harris Eichel, or if the latter predeceased Sidney Harris, to defendant and a sister of defendant. Sidney Harris transferred approximately $50,000 into the trust, and thereafter, on August 6, 1983, Ruth Harris Eichel died. Sidney Harris died on September 10, 1983, and defendant as trustee caused the trust estate to be distributed to his sister and himself.

William Harris, Sidney's son, was appointed executor of his father's estate in New York in April, 1984, and by the Probate Court for the District of Addison in October, 1987. In February, 1987, he filed a complaint alleging that defendant negligently breached his duty of care and fiduciary duty to his client in the preparation of the trust agreement and various wills and codicils. Defendant moved for dismissal on grounds that the statute of limitations barred the action, and the trial court granted summary judgment in defendant's favor.

The trial court's decision was based on 12 V.S.A. § 557(a), which states:

> (a) If a person, by or against whom an action may be brought, dies before the expiration of the time within which such action may be commenced as provided by this chapter or dies within thirty days after the expiration of such times, the period of limitation as to such action shall cease to operate at the date of his death. After the issuance of letters testamentary or of administration, such action, if the cause of action survives, may be commenced by or against the executor or administrator within two years, and not after.

Plaintiff argues that under the quoted provision, the period of limitations did not begin to run until the Addison Probate Court issued letters testamentary to William Harris. In effect plaintiff contends that the words "[a]fter the issuance of letters

testamentary or of administration" in the last clause of § 557(a) refer not to the appointment of an executor or administrator in the state of domicile, but rather to the appointment of an executor or administrator in Vermont, whenever that occurs. We conclude that the last clause of § 557(a) refers to the initial appointment of an executor or administrator enabling the commencement of an action, which in this case would be the appointment of the executor in New York.

This reading is consistent with this Court's decision in *Hicks v. Clark*, 41 Vt. 183 (1868), a case construing the predecessor statute to 12 V.S.A. § 557(a). That case held that the statute of limitations did not begin to run against a Vermont plaintiff and in favor of defendant, the ancillary estate in Vermont of an out-of-state decedent, until the ancillary estate was established here. Until there was a defendant—the estate—the limitations period could not be fairly said to commence against a potential plaintiff, because before the issuance of ancillary letters in Vermont there was no one against whom to bring an action.

The instant case is the obverse. Present in Vermont were not assets of the estate, but rather the defendant. Following his appointment in New York, the executor of the estate could have taken the steps necessary to sue defendant in Vermont at any time. That would have included obtaining ancillary letters in Vermont, *Weinstein v. Medical Center Hospital of Vermont, Inc.*, 358 F. Supp. 297, 298 (D. Vt. 1972), but that was a step at all times within his control to take. Therefore, adopting plaintiff's argument that the last clause of § 557(a) should refer to his appointment in Vermont—an act the timing of which he controlled—would mean allowing the commencement of the period of limitations to be determined by plaintiff. Had the Legislature intended to exempt foreign executors and administrators from the two-year post-appointment limitations period, it could easily have said so.

Plaintiff next argues that 12 V.S.A. § 557(a) should be construed only to extend the generally applicable statute of limitations, not to shorten it, citing supporting cases in other jurisdictions. But the underlying statutes in all of the cited cases are significantly different. *Genslinger v. New Illinois Athletic Club*, 332 Ill. 316, 163 N.E. 707 (1928), concerned an Illinois statute that specifically permitted an action to be

brought after expiration of the limitations period, the outcome that plaintiff argues the Vermont statute favors by implication. The Florida statute in *Mackle v. Mackle*, 389 So. 2d 1081 (Fla. Dist. Ct. App. 1980), also specifically addressed the post-limitations period. The relevant provision, Fla. Stat. § 773.104(1) (1979), stated:

(1) If a person entitled to bring an action dies before the expiration of the time limited for the commencement of the action and the cause of action survives, the action may be commenced by his personal representative after the expiration and within 12 months from the date of the decedent's death.

Among the cases cited by plaintiff, the statute which is closest to Vermont's is the New Hampshire statute in *Atwood v. Bursch*, 107 N.H. 189, 219 A.2d 285 (1966), N.H. Rev. Stat. Ann. § 556:7, which stated:

RIGHT OF ACTION SURVIVING. If a right of action existed in favor of or against the deceased at the time of his death, and survives, an action may be brought by or against the administrator at any time within two years.

The court in *Atwood* held that the statute was enacted " 'to extend the time within which suits may be brought which would otherwise be barred, and not to limit the time of bringing actions against which the general statute has not run.' " 107 N.H. at 190, 219 A.2d at 287 (quoting *Morse v. Whitcher*, 64 N.H. 591, 592–93, 15 A. 207, 208 (1888)). However, the crucial difference is that New Hampshire's provision does not mention the statute of limitations and presumably leaves it intact while Vermont's § 557(a) quite specifically states that the statute of limitations "ceases to operate," with no qualification. The New Hampshire law contains no such language. Plaintiff, in effect, would have us read § 557(a) as if it read "ceases to operate *whenever its operation would limit an action in the name of the decedent, but not otherwise.*" While the policy to be espoused by such a reading might be laudable, it is not our province to read it into a clearly delineated Vermont statute reflecting a contrary policy. The Vermont Legislature was free to place the value of finality in the affairs of a decedent and his estate over the

interest in preserving the general period of limitations in favor of the estate in the specific circumstances described in § 557(a). It has plainly done so.

*Affirmed.*