2009 VT 57

## Brian Benson as Administrator of the Estate of Alan H. Benson v. MVP Health Plan, Inc.

[978 A.2d 33]

No. 08-055

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed May 29, 2009

*Amanda T. Rundle* of *Dakin & Benelli, P.C.*, Chester, for Plaintiff-Appellant.

*Shapleigh Smith, Jr.* and *Angela R. Clark* of *Dinse, Knapp & McAndrew, P.C.*, Burlington, for Defendant-Appellee.

¶ 1. **Skoglund, J.** Brian Benson, as administrator of Alan Benson's estate, appeals from a Windsor Superior Court order dismissing his suit against MVP Health Plan, Inc. (MVP) on statute-of-limitations grounds. We reverse and remand.

¶ 2. The relevant facts are not in dispute. Alan Benson died on October 18, 2002 after twenty-three days of hospitalization. On December 2, 2002, Brian Benson was appointed administrator of his estate. Beginning in January 2003, the administrator made a series of unsuccessful attempts on behalf of the estate to secure payment of the decedent's medical bills from decedent's insurer, MVP. On August 30, 2007, the administrator filed suit against MVP, alleging two counts of breach of contract and one count of bad faith.

¶ 3. MVP moved to dismiss, arguing that the claim was barred by the two-year limitations period set forth in 12 V.S.A. § 557(a). That statute reads as follows:

> If a person, by or against whom an action may be brought, dies before the expiration of the time within which such action may be commenced as provided by this chapter or dies within thirty days after the expiration of such times, the period of limitation as to such action shall cease to operate at the date of his death. After the issuance of letters testamentary or of administration, such action, if the cause of action survives, may be commenced by or against the executor or administrator within two years, and not after.

*Id.* The administrator filed a memorandum in opposition to MVP's motion to dismiss, arguing that § 557(a) was inapplicable to claims that accrue after death, and that the estate's claims against MVP did not accrue until MVP repeatedly and unreasonably denied payment to the estate. The trial court recognized that, under the administrator's theory, the applicable limitations period would be the six-year period set forth in the general statute of limitations, 12 V.S.A. § 511.[*] However, the trial court, quoting § 557, granted MVP's motion, reasoning:

---

[*] Section 511 reads as follows: "A civil action, except one brought upon the judgment or decree of a court of record of the United States or of this or some

Even if we assume, for the sake of argument, that the Estate's cause of action did not accrue until after MVP denied its requests (during 2003), the statute does not set forth any exception for actions accruing after death. Rather, the statute applies when a person "dies before the expiration of the time within which [an] action may be commenced."

¶ 4. On appeal, the administrator argues that the tolling provision of § 557(a) is not applicable to the estate's cause of action. Thus, a question of law is presented, which we review de novo. *Main St. Landing, LLC v. Lake St. Ass'n*, 2006 VT 13, ¶ 7, 179 Vt. 583, 892 A.2d 931 (mem.). In cases of statutory interpretation, our review is nondeferential and plenary. *Dep't of Corr. v. Human Rights Comm'n*, 2006 VT 134, ¶ 7, 181 Vt. 225, 917 A.2d 451. Our primary objective is to effectuate the intent of the Legislature. *Id.* "Our first step is to look at the language of the statute itself; we presume the Legislature intended the plain, ordinary meaning of that statute." *Weale v. Lund*, 2006 VT 66, ¶ 6, 180 Vt. 551, 904 A.2d 1191 (mem.). Here, the language of the statute resolves the issue on appeal. We hold that the limitation period set forth in § 557(a) does not apply to causes of action that accrue to the estate after a decedent's death.

█ █ ¶ 5. A cause of action does not accrue until each element of the cause of action exists. *White v. White*, 136 Vt. 271, 273, 388 A.2d 386, 388 (1978); *Lycoming Fire Ins. Co. v. Batcheller & Sons*, 62 Vt. 148, 152, 19 A. 982, 983 (1890). A cause of action for breach of contract accrues when the breach occurs, *Alexander v. Gerald E. Morrissey, Inc.*, 137 Vt. 20, 24, 399 A.2d 503, 505 (1979), and a cause of action against an insurance company for bad faith accrues when the company errs, unreasonably, in denying coverage. *Bushey v. Allstate Ins. Co.*, 164 Vt. 399, 402, 670 A.2d 807, 809 (1995). The estate's complaint alleges that MVP breached the contract when it failed to pay a valid claim submitted by the administrator and repeatedly refused to respond to the administrator's grievances and requests for information and relief. The complaint alleges bad faith on the grounds that MVP denied the claim without a reasonable basis. Therefore, assuming these allegations to be true, see *Winfield v. State*, 172 Vt. 591, 593, 779

---

other state, and except as otherwise provided, shall be commenced within six years after the cause of action accrues and not thereafter."

A.2d 649, 652 (2001) (mem.) ("In reviewing the trial court's disposition of a motion to dismiss, we assume that all well pleaded factual allegations in the complaint are true, as well as all reasonable inferences that may be derived therefrom."), the estate's causes of action accrued after the decedent's death.

¶ 6. Section 557(a) tolls the ordinary limitations period between a decedent's death and the appointment of an administrator of the decedent's estate, *Pike v. Chuck's Willoughby Pub, Inc.*, 2006 VT 54, ¶ 9, 180 Vt. 25, 904 A.2d 1133 (characterizing § 557(a) as a tolling provision), and imposes a new two-year limitations period — beginning at the time of the appointment of letters testamentary or of administration — for certain actions. The statute contains only one direct statement of applicability. Section 557(a) applies if a person "by or against whom an action may be brought . . . dies before the expiration of [the ordinary limitations period for that action] or dies within thirty days after the expiration of such times." 12 V.S.A. § 557(a). Should the above-described situation occur, "the period of limitation as to such action shall cease to operate at the date of his death." *Id.* Based on the statutory language quoted above, MVP argues that § 557(a) applies to causes of action that accrue after death because a person who dies before a cause of action accrues necessarily dies before the expiration of that action's limitations period. This clever reading is flawed, however, because if the cause of action accrues after the person's death, it could not be brought by him or against him; it could only be brought by or against the decedent's estate. *Mortimore v. Bashore*, 148 N.E. 317, 319 (Ill. 1925) ("The capacity to sue or be sued exists only in persons in being, and not in those who are dead, . . . and so cannot be brought before the court."). The statute applies to causes of action that exist before a decedent's death — causes that could be brought by him or against him while he was alive. From a plain-language reading of the text, § 557(a) does not apply to causes of action that accrue after death.

¶ 7. Additionally, § 557(a) applies only "if the cause of action *survives*." 12 V.S.A. § 557(a) (emphasis added). The Legislature's use of the word "survives" indicates that it intended to craft a statute of limitations for certain survival actions. See, e.g., *In re Peters*, 171 Vt. 381, 386, 765 A.2d 468, 473 (2000) (characterizing § 557(a) as a "statute of limitations for survival actions"). Survival

actions are generally understood to be lawsuits on behalf of a decedent's estate for injuries or damages incurred by the deceased *before* dying, Black's Law Dictionary 1486 (8th ed. 2004), and do not include causes of action accruing to an estate after a decedent's death.

¶ 8. MVP asserts two public-policy arguments in favor of applying § 557(a) to claims that accrue to an estate after a decedent's death. Neither is convincing. First, citing *Estate of Harris v. Eichel*, MVP contends that applying § 557(a) to such claims would be consistent with the Legislature's purpose of "plac[ing] the value of finality in the affairs of a decedent and his estate over the interest in preserving the general period of limitations in favor of the estate." 152 Vt. 180, 183-84, 565 A.2d 1281, 1283 (1988). MVP takes our reasoning in *Harris* out of context. In the quoted portion of *Harris*, we were rejecting the argument that § 557(a) operated only to lengthen, but not to shorten, the limitations period for survival actions. Our pronouncement about legislative preference for finality in the affairs of a deceased simply referred to the Legislature's having drafted § 557(a) in a way that could shorten the limitations period for some survival actions. It was not, as MVP would have it, a broad conclusion of legislative intent that should control this case.

¶ 9. MVP's second public-policy argument is that reading § 557(a) to establish a limitations period only for claims that accrue before death undermines the Legislature's policy preference for certainty. Citing *Leo v. Hillman*, MVP contends that § 557(a) is a broad statute "written so that an executor or administrator need not guess when an action might be brought . . . [and] [t]hat certainty is an important element of the cause of action." *Leo v. Hillman*, 164 Vt. 94, 104, 665 A.2d 572, 579 (1995). However, our decision here — that § 557(a) is inapplicable to causes of action that accrue after a decedent's death — clarifies for administrators which statutes of limitation govern claims by or against an estate, thus providing that certainty.

¶ 10. Our interpretation of § 557(a) is also in harmony with this Court's prior decisions. MVP does not point out any cases, nor are we aware of any, where this Court has applied § 557(a) to a cause of action that accrued after death. *Cf. In re Peters*, 171 Vt. at 386-87, 765 A.2d at 473-74 (evaluating statute's applicability to suit brought by deceased wife's estate for husband's sexual battery); *Leo*, 164 Vt. at 103, 665 A.2d at 578-79 (upholding application of

§ 557(a) to pain-and-suffering claim brought by estate on behalf of deceased); *Martel v. Stafford*, 157 Vt. 604, 615, 603 A.2d 345, 351 (1991) (same); *Estate of Harris*, 152 Vt. at 182-83, 565 A.2d at 1282 (upholding application of § 557(a) to suit by administrator of deceased's estate against attorney who prepared documents for deceased); *Law's Adm'r v. Culver*, 121 Vt. 285, 287, 155 A.2d 855, 857 (1959) (stating that § 557(a) applies to survival action for bodily hurt).

■ ¶ 11. In conclusion, the plain language of § 557(a) establishes a limitations period only for causes of action that could have been brought by or against the deceased during his lifetime and does not apply to causes of action by or against an estate that accrue after the decedent's death. Accordingly, the trial court erred in concluding that the estate's claim was barred by § 557(a).

*Reversed and remanded.*