STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **CHITTENDEN UNIT** | **Docket No. 24-CV-467** |

**MARGARET SERISKY AND PETER SERISKY**
**as parents of KS Serisky (deceased)**
    **Plaintiffs**

    **v.**

**JILL RINEHART, ET AL.,**
    **Defendants**

# ENTRY REGARDING MOTIONS

Title:          Motions to Dismiss (1, 2, 4, 5, 9),
                   Motion to Consolidate (13),
                   Motion to Amend Complaint (14)
Filers:         Nicole Andreson and Angela R. Clark (1, 9),
                   Curtis L.S. Carpenter (2, 4),
                   Patrick T. Gaudet (5),
                   Noah J. Jallos-Prufer and Michael J. Sabbeth (13, 14)
Filed Date:  March 13, 2024 (1),
                   March 27, 2024 (2),
                   March 27, 2024 (4),
                   March 29, 2024 (5),
                   April 18, 2024 (9),
                   May 29, 2024 (13),
                   May 30, 2024 (14)

      This case arises from conduct that the plaintiffs claim was improper investigation and treatment of their daughter by various defendants, which allegedly led to her premature death in 2021. The defendants include physicians, a social worker, employees of the Department of Children and Families ("DCF"), the University of Vermont Medical Center ("UVMMC"), and the State of Vermont. The defendants all filed motions to dismiss. The plaintiffs opposed the motions to dismiss, moved to amend the complaint, filed a separate action (24-CV-2089) and moved to consolidate the two cases.

<u>The Parties</u>

      The plaintiffs are parents of KS, the child at issue ("Plaintiffs"). The defendants can be grouped together as follows, based on the motions that were filed: (1) the physician Joseph Hagan, Hagan, Rinehart, & Connolly Pediatricians, PLLC, and Lakeside Pediatrics, PLLC ("Hagan Group"), (2) the physicians Jill Rinehart, James Metz, Rebecca Bell, and Michael D'Amico ("UVMMC Physicians"), (3) the social worker Mary-Ellen Rafuse ("Rafuse"), (4)

Jennifer Everett and Joshua Anderson ("DCF Employees"), (5) UVMMC, and (6) the State of Vermont ("State"). The State was not named in the original complaint, but it is named as a defendant in the proposed amended complaint in Case No. 24-CV-467 and in the separate complaint filed in Case No. 24-CV-2089.

Plaintiffs' Allegations

In the original complaint, Plaintiffs asserted claims for medical negligence against the individual physicians, professional negligence against the social worker, agency liability against the physician practices and UVMMC, intentional and negligent infliction of emotional distress against the physicians and the social worker, medical battery against one of the physicians, negligence against the DCF Employees, civil conspiracy, and requests for declaratory judgment and injunctive relief.

1. **Motions to Dismiss**

In their motions to dismiss, the various groups of defendants contend that the complaint was deficient because (1) Plaintiffs initially filed suit in their capacity as parents and next friends, and causes of action that survive the death of the person injured must be pursued by the executor or administrator of the deceased; (2) Plaintiffs failed to file a certificate of merit with their complaint as required by 12 V.S.A. § 1042 when asserting medical negligence claims that require an expert's testimony to establish causation; (3) any claim for wrongful death is barred by the two-year statute of limitations; (4) any claim for declaratory or injunctive relief does not survive KS's death; (5) the civil conspiracy claim does not include sufficient factual bases; (6) the negligent and intentional emotional distress claims are time-barred; (7) ordinary negligence claims cannot be pursued against State employees; and (8) Plaintiffs fail to state a claim for the DCF Employees' negligent performance of any duty.[1]

Plaintiffs' Response to Motions to Dismiss

In response to the motions to dismiss, Plaintiffs moved to amend their complaint and filed a separate complaint (Docket No. 24-CV-2089) in which they identify themselves as administrators of KS's estate rather than as her next friends. Second, they clarify in their opposition to the motions to dismiss that they are seeking survival benefits and not wrongful death damages. *See* Opposition at 3–4. Third, Plaintiffs have dropped their civil conspiracy claim and their request for declaratory or injunctive relief in both their proposed amended complaint and in their separate complaint. Fourth, Plaintiffs modify their claims against the DCF Employees in their proposed amended complaint, charging them with gross negligence rather than ordinary negligence. *See* Opposition at 14–16; Proposed Amended Complaint, Count XVIII. Plaintiffs also add the State as a defendant in their proposed amended complaint, alleging that, pursuant to 12 V.S.A. § 5602, it is liable for the DCF Employees' negligent performance of their statutory duties. *See* Proposed Amended Complaint, Count XIX.

---

[1] The court does not address Defendants' arguments regarding wrongful death, Plaintiffs' civil conspiracy claim, or their request for declaratory and injunctive relief because Plaintiffs make clear that they do not seek wrongful death damages and they drop the other claims from their proposed amended complaint that the court is allowing to become the operative complaint.

<u>Plaintiffs as Administrators Rather than Next Friends</u>

Plaintiffs were appointed administrators of KS's estate in March 2023. *See* Documents filed with Opposition to Motions to Dismiss on May 29, 2024. In their proposed amended complaint, Plaintiffs change their statuses from "next friends of KS Serisky" to "administrators of KS's estate." This change is based on the statute that requires survival actions to be prosecuted by an administrator or executor of the deceased's estate. *See* 14 V.S.A. § 1453.

The Hagan Group opposes Plaintiffs' attempt to change their titles to "administrators" from "next friends" in the proposed amended complaint on the basis that the initial complaint was a "nullity" that cannot be amended. Opposition to Motion to Amend filed June 12, 2024, at 1–3. They contend that the initial complaint was "effectively a suit brought by a deceased person" and rely on cases where courts have not allowed the substitution of parties when the original complaint was filed in the name of, or against, a dead person because the initial case was a nullity. *See, e.g.*, <u>Adelsberger v. United States</u>, 58 Fed. Cl. 616, 618 (2003); <u>Banakus v. United Aircraft Corp.</u>, 290 F. Supp. 259, 260 (S.D.N.Y. 1968); <u>Reed v. Long</u>, 259 N.E.2d 411, 412 (Ill. 1970). However, unlike the cases defendants cite, Plaintiffs initially filed their complaint "as the parent(s) and next friend(s) of KS Serisky," not in the name of their deceased child. The cases defendants cite are, thus, inapposite, and Plaintiffs are permitted to amend their complaint to change their statuses to comply with the statute requiring survival actions to be prosecuted by the deceased's administrators or executors.[2] *See* <u>Rockdale Health Sys., Inc. v. Holder</u>, 640 S.E.2d 52, 54 (Ga. Ct. App. 2006) ("'Complaints may be amended to change the capacity of the plaintiff[.]'") (quoting <u>Morris v. Chewning</u>, 411 S.E.2d 891, 892 (Ga. Ct. App. 1991)); <u>Redmond v. Cent. Cmty. Hosp.</u>, 382 N.E.2d 95, 101 (Ill. App. Ct. 1978) (plaintiff filed wrongful death in individual capacity and court permitted amendment to allow plaintiff to appear as administratrix).

<u>Certificate of Merit</u>

Medical negligence, or malpractice, complaints must be accompanied by a certificate of merit except in the rare case where expert testimony is not required to establish causation.[3] 12 V.S.A. § 1042(a), (e). The attorney or party filing the action must file the certificate "simultaneously with the filing of the complaint." <u>Id</u>. § 1042(a). In <u>McClellan v. Haddock</u>, 2017 VT 13, 204 Vt. 252, the Vermont Supreme Court considered whether a plaintiff who neglected to file a certificate along with the complaint could amend the complaint to add the certificate later, as Plaintiffs seek to do here. Finding that the purpose of the requirement was "to ensure that claims against health care providers had been adequately investigated and determined to have merit by a qualified expert before they were filed," <u>id</u>. ¶ 20, the Court concluded that a complaint may not be amended to add a certificate later, after the complaint was first filed, because "permitting such an amendment would be fundamentally inconsistent with the statutory

---

[2] Contrary to the Hagan Group's statement that an estate in KS's name had not been opened when the original complaint was filed, *see* Opposition to Motion to Amend (filed June 12, 2024) at 3, the court notes that Plaintiffs were appointed as administrators in March *2023,* and the complaint was originally filed nearly eleven months later, in February *2024.*

[3] Plaintiffs do not contend that expert testimony will not be necessary to establish causation in this case.

purpose," id. ¶ 16; *accord* Quinlan v. Five-Town Health Alliance, Inc., 2018 VT 53, ¶¶ 18–19, 207 Vt. 503 ("§ 1042's requirement that a certificate of merit be filed simultaneously with the complaint is mandatory and demands strict compliance.").

The law is clear, then, that Plaintiffs may not amend their complaint to add a certificate of merit, and their medical malpractice claims must be dismissed from the complaint filed in Case No. 24-CV-467. However, the certificate of merit statute provides that medical malpractice claims that lack the requisite certificate are to be dismissed "without prejudice." 12 V.S.A. § 1042(e). Plaintiffs, thus, are not precluded from filing a new case and including the certificate of merit with the new complaint, as they have done in Case No. 24-CV-2089.

Negligent and Intentional Infliction of Emotional Distress

Plaintiffs assert claims for negligent and intentional infliction of emotional distress against the physicians and against Rafuse. The Hagan Group moves to dismiss these claims on the basis that they are time-barred. *See* Motion to Dismiss filed on March 22, 2024, at 2. These emotional distress claims are subject to a three-year statute of limitations. 12 V.S.A. § 512(4). If, however, "a person, by . . . whom an action may be brought, dies before the expiration of the time within which such action may be commenced . . ., the period of limitation as to such action shall cease to operate at the date of his or her death." 12 V.S.A. § 557(a). After letters of administration are issued, "such action, if the cause of action survives, may be commenced by or against the executor or administrator within two years, and not after." Id.

KS died on February 7, 2021. Complaint ¶ 44. Plaintiffs do not specify the dates when each defendant against whom they allege claims for intentional/negligent infliction of emotional distress engaged in conduct causing them to be liable, but for some defendants they assert the offending conduct occurred "over a period of several years" and from March 25 through April 8, 2020. Complaint ¶¶ 40, 43, 44, 80, 84, 87, 91, 94, 106, 109, 113. "A cause of action does not accrue until each element of the cause of action exists." Benson v. MVP Health Plan, Inc., 2009 VT 57, ¶ 5, 186 Vt. 97 (citing White v. White, 136 Vt. 271, 273 (1978)). Plaintiffs do not specify how the harm KS allegedly suffered as a result of the defendants' conduct manifested itself.

However, assuming the facts pleaded in the complaint are true and making all reasonable inferences in Plaintiffs' favor, as the court must do in ruling on motions to dismiss, Fleurrey v. Dep't of Aging and Indep. Living, 2023 VT 11, ¶ 4 (citing Montague v. Hundred Acre Homestead, LLC, 2019 VT 16, ¶ 10, 209 Vt. 514), the proof may show that KS suffered harm from the defendants' alleged conduct up to the time of her death in February 2021. Plaintiffs obtained letters of administration on March 17, 2023, and pursuant to the terms of 12 V.S.A. § 557(a), the statute of limitations for the emotional distress claims does not expire until March 2025. Thus, Plaintiffs' negligent and intentional infliction of emotional distress claims are not barred by the applicable statute of limitations. *See* Benson, 2009 VT 57, ¶ 6 ("Section 557(a) tolls the ordinary limitations period between a decedent's death and the appointment of an administrator of the decedent's estate, and imposes a new two-year limitations period— beginning at the time of the appointment of letters testamentary or of administration—for certain actions.") (citation and blurb omitted).

<u>DCF Employees and the State</u>

In the original complaint, Plaintiffs asserted negligence claims against the DCF Employees based on their alleged failure to adhere to statutory requirements and DCF policies in undertaking an intervention in KS's medical care. Complaint ¶¶ 48–49, 128, 132. Plaintiffs alleged that the DCF Employees violated 33 V.S.A. § 4915b as well as Family Services Policy 77. <u>Id</u>. ¶ 128. As the DCF Employees point out in their motion to dismiss, an employee of the State may not be charged with ordinary negligence if they are acting within the scope of their employment. Motion to Dismiss dated March 29, 2024, at 8–9 (citing 12 V.S.A. § 5602(a)). "[T]he exclusive right of action [for State employees' negligence] shall lie against the State of Vermont[.]" 12 V.S.A. § 5602(a); *see* <u>Sutton v. Vt. Reg'l Ctr.</u>, 2019 VT 71A, ¶ 23, 212 Vt. 612.

Plaintiffs recognize this in their proposed amended complaint by charging the State with the DCF Employees' ordinary negligence. *See* Proposed Amended Complaint, Count XIX. Plaintiffs assert that the DCF Employees are liable for gross negligence and willful misconduct in the proposed amended complaint. Proposed Amended Complaint ¶¶ 59–62, 136, 141–42; *see* 12 V.S.A. § 5602(b) (prohibition against suing State employee for ordinary negligence "does not apply to gross negligence or willful misconduct."). As noted above, the State was not named as a defendant in the original complaint, and it has not been served. As a result, the State does not take a position about the validity of any claims asserted against it in the proposed amended complaint.

2. **Motion to Amend Complaint**

Plaintiffs move to amend their complaint in the following ways: (1) to change their status from parents and next friends of KS to parents and administrators of KS's estate; (2) to alter their cause of action against the DCF Employees from ordinary negligence to gross negligence; (3) to add the State as a defendant and charge the State with liability for the DCF Employees' ordinary negligence; (4) to delete Ken Schatz as a defendant; (5) to delete their claim for civil conspiracy; (6) to delete their claim for declaratory/injunctive relief; and (7) to add a certificate of merit.

"Leave to amend a complaint is liberally granted and 'shall be freely given when justice so requires.'" <u>LeClair v. LeClair</u>, 2017 VT 34, ¶ 27, 204 Vt. 422 (quoting <u>Lillicrap v. Martin</u>, 156 Vt. 165, 170 (1989)). Vermont has a liberal amendment policy for the following reasons: "'(1) to provide maximum opportunity for each claim to be decided on its merits rather than on a procedural technicality, (2) to give notice of the nature of the claim or defense, and (3) to enable a party to assert matters that were overlooked or unknown to [it] at an earlier stage in the proceedings.'" <u>Id</u>. (quoting <u>Bevins v. King</u>, 143 Vt. 252, 255 (1983)); *accord* <u>Gauthier v. Keurig Green Mountain, Inc.</u>, 2015 VT 108, ¶ 43, 200 Vt. 125 ("'[T]rial courts are to be liberal in permitting amendments to the pleadings.'") (quoting <u>Lillicrap</u>, 156 Vt. at 170). "'When there is no prejudice to the objecting party, and when the proposed amendment is not obviously frivolous nor made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny the motion.'" <u>Gauthier</u>, 2015 VT 108, ¶ 43 (quoting <u>Bevins</u>, 143 Vt. at 254–55); *see also* <u>Colby v. Umbrella, Inc.</u>, 2008 VT 20, ¶ 4, 184 Vt. 1 (stating trial court may deny motion to amend pleading due to

"'(1) undue delay, (2) bad faith, (3) futility of amendment, [or] (4) prejudice to the opposing party'") (quoting <u>Perkins v. Windsor Hosp. Corp.</u>, 142 Vt. 305, 313 (1982)).

The DCF Employees and Rafuse do not oppose Plaintiffs' motion to amend the complaint.[4] UVMMC and the UVMMC Physicians oppose the motion only insofar as Plaintiffs seek to file the certificate of merit with the proposed amended complaint. UVMMC also notes that, despite Plaintiffs' removal of their claim for declaratory judgment and injunctive relief, the prayer for relief in the proposed amended complaint still includes a request for "an injunction requiring UVMMC to update and correct KS's medical records to reflect that she was not a victim of abuse or neglect." *See* UVMMC and the UVMMC Physicians' Opposition to Motion to Amend Complaint, filed on June 12, 2024, at 2; Proposed Amended Complaint at 38. The Hagan Group joins UVMMC and the UVMMC Physicians in opposing Plaintiffs' request to amend the complaint to add a certificate of merit. They also oppose the motion based on the same argument they made in their motion to dismiss, *viz.*, that Plaintiffs' initial complaint was filed in their deceased child's name and was, thus, a nullity that cannot be amended. *See* the Hagan Group's Opposition to Plaintiffs' Motion to Amend, filed June 12, 2024, at 1–4.

As discussed above, Plaintiffs are required to file a certificate of merit simultaneously with a complaint alleging medical negligence and may not amend their original complaint to file a certificate of merit at a later date. There is no prohibition, however, against Plaintiffs' amending their status as plaintiffs to comply with the statute allowing administrators and executors of an estate to pursue actions that survive the deceased's death, as discussed above. In their proposed amended complaint, Plaintiffs address all other deficiencies the defendants raise in their motions. None of the defendants assert prejudice or futility as a reason to deny the motion to amend, and the court finds there is no undue delay or bad faith by Plaintiffs. Therefore, Plaintiffs are permitted to file an amended complaint with the following proviso: they may not file the certificate of merit in Case No. 24-CV-467, and they are directed to remove the causes of action that are dismissed from this case number as well as their request for injunctive relief from their prayer for relief.

3. <u>**Motion to Consolidate**</u>

In response to the defendants' motions to dismiss, Plaintiffs took corrective action, not only by moving to amend their complaint in Case No. 24-CV-467, but also by filing an entirely new complaint (Case No. 24-CV-2089) in which they assert the same allegations of medical negligence against the same defendants and simultaneously file a certificate of merit as required by 12 V.S.A. § 1042(a). The new complaint is limited to the medical negligence claims against the physicians and the professional negligence claim against Rafuse; it does not include any of the other causes of action except agency, which rely on and are intertwined with the medical negligence allegations. The reason Plaintiffs filed the new complaint is, presumably, to preserve

---

[4] Rafuse even notes that "the proposed amendments moot her motion to dismiss." Rafuse's Response to Motion to Amend, filed June 12, 2024, at 2. Similarly, the DCF Employees state in reply to Plaintiffs' opposition to their motion to dismiss that "if the amended complaint is adopted, this likely entirely moots the pending motion to dismiss, which seeks specific relief related to the [original] complaint." DCF Employees' Reply in Support of their Motion to Dismiss, filed June 26, 2024, at 2.

their medical negligence causes of action and because they are precluded from amending their original complaint to add a certificate of merit.

Consolidation of matters is appropriate "[w]hen actions involv[e] a common question of law or fact" and all parties agree to the consolidation. V.R.C.P. 42(a). Rafuse opposes the consolidation "to the extent that consolidation results in the duplicative claims of professional negligence asserted against her." Rafuse's Opposition to Plaintiffs' Motion to Consolidate at 2. Plaintiffs assert identical causes of action for professional negligence against Rafuse in the original complaint, the proposed amended complaint, and in the separate complaint. The only other response or opposition to this motion is from UVMMC and the UVMMC Physicians. These defendants do not oppose consolidation of the two actions. They request, however, that the two cases be consolidated for both discovery and trial.

The two actions involve common questions of law and fact and the court concludes that it is appropriate to consolidate them. The two cases will be consolidated for purposes of discovery and trial, but Rafuse shall be required to defend against only one count of professional negligence.

## Summary and Order

Defendants' motions to dismiss the medical negligence and related agency causes of action from Case No. 24-CV-467 are *granted*. Defendants' motions to dismiss other cause(s) of action are *denied*. Thus Motions ##1, 2, 4, 5, and 9 are *granted in part and denied in part.*

Plaintiffs' motion to consolidate this case with 24-CV-2089, Motion #13, is *granted* for purposes of discovery as well as trial. Motions pertinent to both cases may be filed only in this case as the primary case. Rafuse shall be required to defend against only one claim for professional negligence.

Plaintiffs' motion to amend their complaint, Motion #14, is *granted* on terms set forth in this ruling. An Amended Complaint consistent with this ruling shall be filed within 10 calendar days.

Electronically signed October 8, 2024 pursuant to V.R.E.F. 9 (d).

*Mary Miles Teachout*

Mary Miles Teachout
Superior Judge (Ret.), Specially Assigned